**Virgil N. ADDINGTON, Plaintiff,**

v.

**MID–AMERICAN LINES et al., Defendants.**

**No. 77–0719–CV–W–4.**

United States District Court,
W. D. Missouri, W. D.

Feb. 6, 1978.

Joe D. Butcher, Jones & McDaniel, Kansas City, Mo., for plaintiff.

Kent E. Whittaker, C. Brooks Wood, Gina Kaiser, Michael D. Gordon, Jolley, Moran, Wash, Hager & Gordon, Kansas City, Mo., for defendants.

ORDER AWARDING EXPENSES PURSUANT TO RULE 37(a)(4), F.R.Civ.P.

ELMO B. HUNTER, District Judge.

On December 1, 1977, defendant union propounded its first set of interrogatories to plaintiff. The certificate of service contained therein indicated that all parties were mailed a copy of these interrogatories

on November 30, 1977. Plaintiff's responses were, therefore, due on or about January 2, 1978. However, plaintiff did not answer, object, or request an extension of time to answer or object to those interrogatories. Pursuant to defendant union's motion, this Court, on January 24, 1978, ordered plaintiff to answer the interrogatories in question on or before February 3, 1978, that defendant union submit an affidavit detailing its expenses incurred in obtaining the January 24, 1978 order, and that plaintiff show cause, if he have any, why defendant union should not be awarded its expenses incurred in obtaining the Order Compelling Discovery.

Rule 37(a)(4) provides, in pertinent part: "If the motion [for Order Compelling Discovery] is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust."

The rule, in its present form, was the result of an amendment in 1970—an amendment which decidedly shifted the emphasis of the rule in favor of awarding expenses. As the Advisory Committee's Note to the proposed amendment stated, 48 F.R.D. 487, 539–540 (1970):

"At present, an award of expenses is made only if the losing party or person is found to have acted without substantial justification. The change requires that expenses be awarded unless the conduct of the losing party or person is found to have been substantially justified. The test of 'substantial justification' remains, but the change in language is intended to encourage judges to be more alert to abuses occurring in the discovery process.

. . . . .

"The proposed change provides in effect that expenses should ordinarily be awarded unless a court finds that the losing party acted justifiably in carrying his point to court. At the same time, a necessary flexibility is maintained, since the court retains the power to find that other circumstances make an award of expenses unjust—as where the prevailing party also acted unjustifiably. The amendment does not significantly narrow the discretion of the court, but rather presses the court to address itself to abusive practices."

As a result of the 1970 amendment, "the burden of persuasion is now on the losing party to avoid assessment of expenses and fees rather than, as formerly, on the winning party to obtain such an award." 8 Wright & Miller, Federal Practice and Procedure: Civil § 2288, p. 789 (1970). The purpose of the rule, in its present form, is clear: "to encourage wider use of award of expenses to discourage unnecessary recourse to the courts." 4A Moore's Federal Practice ¶ 37.02 [10.—1], p. 37–44 (1975).

■ Given the fact that plaintiff neither answered, objected to, or requested additional time to answer and/or object to defendant union's interrogatories, this Court is unable to find any circumstances that would make the award of expenses in this situation unjust. However, upon reviewing the affidavit of Michael D. Gordon, counsel for defendant union, the Court is unable to grant an award of $169.18 which the defendant requests. The $16.67 which defendant union seeks to recover is for time spent by counsel in preparing his affidavit setting out his fees in obtaining this Court's Order Compelling Discovery. As such, this sum cannot fairly be considered as "expenses incurred in obtaining the order [compelling discovery], including attorney's fees," for it was prepared *after* and *in response to* the Order Compelling Discovery. This Court further finds that three hours, at $50.00 per hour, totals an amount in excess of a reasonable attorney's fee for obtaining an order compelling discovery where the opposing litigant had simply failed to timely respond to interrogatories.

The arguments of the parties having been heard,[1] upon careful consideration of those arguments and the affidavit of attorney Michael D. Gordon, and pursuant to the spirit and letter of Rule 37(a)(4), it is hereby

ORDERED that defendant union be awarded, and plaintiff pay to defendant union, the sum of $50.00, and that this payment be made on or before March 1, 1978.

---

1. Pursuant to the express provisions of Rule 37(a)(4), "[t]he court must allow an opportunity for hearing before awarding expenses and fees under Rule 37(a)(4)." 8 Wright & Miller, Federal Practice and Procedure: Civil § 2288 (1976 Supp), p. 128. Both parties having fully expressed their positions to the Court in writing, the "hearing" requirement of Rule 37(a)(4) has been satisfied.