**AERWEY LABORATORIES,
INC., Plaintiff,**

v.

**ARCO POLYMERS, INC., Defendant.**

**No. 80 C 2327.**

United States District Court,
N. D. Illinois, E. D.

May 28, 1981.

---

Barbara Bertok, Mayer, Brown & Platt, Chicago, Ill., for plaintiff.

Robert A. Knuti, Lord, Bissell & Brook, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

On February 26, 1981 this Court granted the motion of plaintiff Aerwey Laboratories, Inc. ("Aerwey") to compel defendant Arco Polymers, Inc. ("Arco") (1) to answer Aerwey's First Set of Interrogatories (the "Interrogatories") and (2) to produce documents identified in Aerwey's Request for Production of Documents (the "Document Request"). Aerwey has also moved under Fed.R.Civ.P. ("Rule") 37(a)(4) that Arco be required to pay the reasonable expenses, including attorney's fees, incurred by Aerwey in connection with its motion to compel. For the reasons stated in this memorandum opinion and order Aerwey's motion is granted in the amount of $1,232.

### Propriety of Awarding Expenses

Aerwey tendered the Document Request and Interrogatories to Arco on August 19 and 20, 1980. On December 15 and 26, 1980, January 21, 1981 and February 3, 1981 Aerwey's counsel sent letters to Arco's counsel requesting compliance with those discovery requests. Aerwey's counsel also made two telephone calls to Arco's counsel urging that they "get together to discuss discovery." Arco's counsel failed to respond to any of those inquiries.

This Court had set this case for a status report February 26, 1981. On the preceding day:

(1) Aerwey served its motion to compel discovery on Arco.

(2) Arco's counsel sent a letter to Aerwey by messenger, stating that Arco was preparing the materials necessary to comply with the discovery requests.

Arco's letter and Aerwey's motion apparently "crossed in the mail," Arco not having knowledge of the motion at the time it sent the letter to Aerwey and Aerwey not having knowledge of the letter at the time it served and filed the motion. On February 26 the parties appeared for the status call, and the Court granted Aerwey's motion and directed Arco to comply with the discovery requests by March 16, 1981.

Arco invokes this District Court's General Rule 12(d) ("Rule 12(d)") to claim that a Rule 37(a)(4) award of expenses would be improper:

(d) To curtail undue delay in the administration of justice, this Court shall hereinafter refuse to hear any and all motions for discovery and production of documents under Rules 27 through 37 of the Federal Rules of Civil Procedure, unless moving counsel shall first advise the court in writing that after personal consultation and sincere attempts to resolve differences they are unable to reach an accord. . . .

It asserts that "[n]either the plaintiff's motion nor its supporting affidavit show com-

pliance with Rule 12(d)," which is designed to avoid where possible the Court's involvement in resolving discovery disputes. It concludes that awarding expenses to a party that did not comply with the Rule 12(d) procedures would effectively reward Aerwey for circumventing the Rule's intent.[1]

Although Arco's reading of Rule 12(d)'s purpose is accurate, its attempted reliance on the Rule is untenable under the circumstances. Rule 12(d) was drafted for the benefit of the *Court*—to allow it to avoid the burden of discovery disputes that can readily be resolved, as most should be, between counsel. In that respect the Rule recognizes that face-to-face meetings between counsel are likely to be most productive. Rule 12(d) is not a license to insulate non-compliance with discovery requests or to provide a party assistance in engaging in delaying tactics.

■ Aerwey initiated its discovery requests *six months* before filing its motion to compel. During that period it requested compliance with the requests four times by letter and twice by telephone. Each initiative was totally ignored by Arco. This Court finds Aerwey's conduct to have been in full accord with the intent of Rule 12(d), for Aerwey was indeed justified in concluding that *only* through the Court's intervention would its discovery requests be honored.[2] There is no basis for denying Aerwey's motion for expenses because of any technical non-compliance with Rule 12(d).

Rule 37(a)(4) states (emphasis added): If the motion [to compel discovery] is granted, the court *shall*, after opportunity for a hearing, require the party...whose conduct necessitated the motion...to pay the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, *un-*

*less* the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

This Court has consistently held that Rule 37(a)(4) should be applied literally: Expenses *shall* be awarded unless the party "whose conduct necessitated the [discovery] motion" demonstrates that its opposition to the motion was well grounded or particular circumstances "make an award of expenses unjust."[3] Arco has made *no* showing at all to that effect, instead relying entirely on its Rule 12(d) argument. This Court's own review of the record discloses no excuse for Arco's six-month delay in responding to Aerwey Interrogatories and Document Request.

Aerwey's motion under Rule 37(a)(4) is therefore granted.[4]

### Amount of Expenses

Under Rule 37(a)(4) Aerwey is entitled to recover "the reasonable expenses incurred in obtaining the order [compelling discovery], including attorney's fees...." Aerwey has submitted affidavits reflecting total expenses of $1,686.25, including those incurred in obtaining this award of expenses against Arco.

Arco maintains those expenses are not recoverable under Rule 37(a)(4). *Addington v. Mid-American Lines,* 77 F.R.D. 750, 751 (W.D.Mo.1978). But the limitation adopted in *Addington* and urged by Arco would undermine the purpose of Rule 37(a)(4)—to compensate a party for expenses incurred in obtaining unjustifiably withheld discovery. Far more consonant with the rationale of the Rule is a "but for" concept: If opposition to discovery efforts is not substantially justified, the "expenses incurred in obtaining the order" should encompass all ex-

---

1. Arco argues that its February 25, 1981 letter indicates that a Rule 12(d) conference would have resolved this discovery dispute without invoking the Court's assistance.

2. It can scarcely be coincidental that Arco's six months of silence were broken the day before counsel's required appearance at a status call set by the Court.

3. See Schaefer, "Sanctions Under Rule 37(a): 'The Old Order Changeth,' " 62 Chi.B.Rec. 168 (January-February 1981), and cases cited by that article.

4. Rule 37(a)(4) calls for a hearing. By agreement of the parties their submission of the issues through written memoranda satisfies the hearing requirement.

penses, whenever incurred, that would not have been sustained had the opponent conducted itself properly.

 Although this Court rejects Arco's argument in that respect, it also cannot allow Aerwey's claim in full. Compliance with the "reasonableness" limitation of Rule 37(a)(4) requires the following reductions of the requested amount:

(1) Aerwey's first statement and affidavit of expenses (submitted March 6, 1981) were so unspecific that a more detailed statement and affidavit were required. Although part of the time was necessarily incurred, the Court will disallow one-half of the total time spent on that first statement and affidavit (the total was 5 hours of Ms. Bertok's billable time and 1 hour of Mr. Feagley's time), or an aggregate reduction of $170.

(2) It is the Court's sense, on reviewing the more detailed second and third affidavits, that the total time spent by Ms. Bertok was inordinately high. At the same time it must be recognized that the lesser amount of time that a more seasoned attorney might have devoted to the matter would necessarily have been billable at a substantially higher hourly rate. On balance the Court will disallow 20% of the charges for Ms. Bertok's time (which totaled 29.25 hours after the disallowance under paragraph 1). This disallowance amounts to $284.25.

Aerwey's request for $1,686.25 is therefore reduced by $454.25 to $1,232.

### Conclusion

Aerwey's motion for an award of expenses against Arco is granted. Arco is directed to pay $1,232 to Aerwey on or before June 8, 1981.