**James SHACKELFORD**

v.

**VERMEER MANUFACTURING COMPANY, et al.**

**Civ. A. No. W–80–CA–235.**

United States District Court, W. D. Texas, Waco Division.

Feb. 5, 1982.

---

Robert H. Osburn, Dallas, Tex., for plaintiff.

Lancaster Smith, Jr., Robin E. Phelan, Dallas, Tex., for defendant.

## ORDER

NOWLIN, District Judge.

The Court has before it Plaintiff's Motion for Protective Order filed on February 1, 1982. Plaintiff's motion requests, for a number of reasons, that the Court issue a protective order preventing the deposition of Plaintiff's expert, Gary Robinson, noticed by Defendant for February 6, 1982. Among the arguments raised by the Plaintiff in support of the motion for protective order is that the Defendant has failed to file a motion under Fed.R.Civ.P. 26(b)(4)(A)(ii) requesting leave to take Plaintiff's expert's deposition.

Plaintiff's point is well taken. Rule 26(b)(4) sets down the sole method by which discovery of facts known and opinions held by experts, otherwise discoverable under Rule 26 and acquired or developed in antici-pation of litigation or for trial, may be obtained. Section (b)(4)(A) of Rule 26 provides a two-step process for obtaining this information from each person who the other party "expects to call" as an expert witness at trial. *See Hoover v. United States Dept. of the Interior*, 611 F.2d 1132, 1141–42 (5th Cir. 1980). *See also* C. Wright & A. Miller, Federal Practice & Procedure § 2030–31 (1970 & Supp.1980).

First, the Rule permits a party to obtain, by means of written interrogatories, three items of information with respect to each person the other party expects to call as an expert witness at trial: (1) the identity of the expert; (2) the subject matter on which the expert is expected to testify; and (3) the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. Fed.R.Civ.P. 26(b)(4)(A)(i). *See also* Wright & Miller § 2030. Second, the Rule allows "further discovery" from experts expected to be used at trial *upon motion* in the Court's discretion. Fed.R. Civ.P. 26(b)(4)(A)(ii). *See also* Wright & Miller § 2031 and cases cited therein. When the Court allows further discovery, it has discretion to restrict the scope of the discovery. In addition, when the Court allows discovery of a person the other party expects to call as an expert witness at trial, the Court *must* require the party seeking the discovery to pay the expert a reasonable fee for time spent in responding to the request for further discovery, and the Court *may* require the party seeking discovery to pay the party who hired the expert a fair portion of the fees and expenses incurred by that party in obtaining facts and opinions from the expert. Fed.R.Civ.P. 26(b)(4)(C). *See also* Wright & Miller § 2034.

In sum, under the scheme set forth in Rule 26(b)(4)(A), only a limited amount of discovery of expert witnesses, by means of interrogatories, is allowed absent agreement of the parties or leave of court. It is clear that the deposition of Plaintiff's expert witness that Defendant seeks to take on February 6, 1982 is precisely the type of

"further discovery" of an expert witness expected to be called at trial that may take place only by agreement or upon leave of court under Rule 26(b)(4)(A)(ii). Since the Defendant has not filed a motion for further discovery of the Plaintiff's expert witness under Rule 26(b)(4)(A)(ii), and since the Plaintiff has not agreed to waive this requirement, the Court agrees with the Plaintiff that the Defendant has not followed the proper procedure in obtaining discovery of Plaintiff's expert witness and that the notice of deposition and the accompanying subpoena duces tecum must be vacated. *See North Georgia Lumber & Hardware v. Home Insurance Co.*, 82 F.R.D. 678, 680 (N.D.Ga.1979).

The parties are requested to work together to arrive at a fair, equitable and mutually convenient exchange of information with respect to their expert witnesses. If the parties can agree to exchange such information amicably and fairly, the necessity of time-consuming Court intervention in the discovery process happily will be avoided. If the parties cannot agree to such an exchange, the Court, but only upon motion of the party seeking discovery, will order further discovery of persons expected to be called as expert witnesses at the trial under such circumstances as appear just. In addition, if such further discovery is allowed, the Court will assess reasonable fees for such discovery pursuant to Rule 26(b)(4)(C).

For the reasons stated above, it is hereby ORDERED that Plaintiff's Motion for Protective Order is GRANTED to the extent that the notice of deposition for February 6, 1982 and accompanying subpoena duces tecum addressed to Gary Robinson are hereby vacated. Denial of the motion on the above-stated ground renders it unnecessary to consider the other grounds stated by Plaintiff in support of his motion.