FAGG, Circuit Judge.
Steven Bruce Booker on a posttrial motion for discovery sanctions was awarded attorney fees incurred in attempting to obtain proper responses to discovery requests and in proving matters that should have been admitted. See Fed.R.Civ.P. 37. The magistrate, however, in calculating the amount of the award allowed only about twenty-five percent of the hours shown on the attorney time and service schedules submitted by Booker’s counsel. Booker challenges this determination, and we affirm in part and reverse in part.
Booker throughout the trial employed two law firms to conduct his representation. While Booker was free to make this choice, it is not a choice which may necessarily be imposed on an opponent against whom fees are assessed. The magistrate emphasized that the discovery matters giving rise to the fee award were not beyond the individual expertise of either of Booker’s counsel. Thus, the magistrate allowed only the fees claimed by the firm bearing primary responsibility for a particular task. Hours for conferences between Booker’s local and Chicago counsel, for the presence of second counsel at court appearances, and for travel of Chicago counsel were expressly mentioned as unnecessary.
The magistrate, who tried the case by consent of the parties, see 28 U.S.C. § 636(c), had a singular view of the proceedings, and the magistrate’s resulting “special understanding of the degree of complexity of the issues” makes him “best equipped” to determine which hours claimed were reasonably expended. See Moore v. City of Des Moines, 766 F.2d 343, 345-46 (8th Cir.1985), cert. denied, _ U.S. _, 106 S.Ct. 805, 88 L.Ed.2d 781 (1986). Thus, we necessarily must accord wide discretion to the magistrate’s fee determination, see id. at 346, and we will reverse only for abuse of discretion or error in implementing the governing legal standards, Wilmington v. J.I. Case Co., 793 F.2d 909, 923 (8th Cir.1986). We believe the magistrate focused on unnecessary duplication of services as the basis for all hours disallowed the Chicago firm and for those hours disallowed the local firm for work relating to motions to compel proper answers to discovery. The magistrate’s explanation is sufficient to convince us he did not abuse his discretion in this regard.
The magistrate, however, also disallowed certain additional hours claimed by local counsel, holding that counsel’s time and services schedule was not adequate to allow differentiation between nonrecoverable time spent on the trial as a whole and recoverable time spent proving matters that should have been admitted. We find this result inappropriate. Rule 37(c) of the Federal Rules of Civil Procedure provides that a court finding a discovery abuse in a failure to admit “shall” order the offending party to pay reasonable expenses, including attorney fees, incurred in proving the matter not admitted. Cf. American Hangar v. Basic Line, Inc., 105 F.R.D. 173, 176 (D.Mass.1985) (Rule 37(a)(4)); Brown v. United States Elevator Corp., 102 F.R.D. 526, 531 (D.D.C.1984) (Rule 37(b)). The magistrate in this case found a clear discovery abuse regarding admissions, and the failure to follow through with a sanction allows misconduct to escape undeterred. Rule 37 sanctions are to be applied diligently. Roadway Express v. Piper, 447 U.S. 752, 763-64, 100 S.Ct. 2455, 2462-63, 65 L.Ed.2d 488 (1980).
*50 Furthermore, regardless of the basis for the fee award to Booker, “[t]otal denial of requested fees as a purely prophylactic measure * * * is a stringent sanction, to be reserved for only the most severe of situations, and appropriately invoked only in very limited circumstances.” Jordan v. United States Dep’t of Justice, 691 F.2d 514, 518 (D.C.Cir.1982). Because the fee documentation submitted by Booker in this ease was not “manifestly inadequate,” see id., we find an abuse of discretion in the total denial of fees for the discovery abuse regarding admissions. On remand the magistrate should, after requesting additional information or holding a hearing as necessary, determine and award fees for the number of hours reasonably spent by Booker’s local counsel in proving at trial matters that should have been admitted.
The magistrate’s scrutiny on remand should extend also to hours reasonably spent by Booker’s local counsel in seeking the discovery sanctions. See Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 869 (3d Cir.1984). Rule 37, interpreted consistent with its purposes, authorizes an award encompassing “all expenses, whenever incurred, that would not have been sustained had the opponent conducted itself properly.” Aerwey Laboratories v. Arco Polymers, 90 F.R.D. 563, 565-66 (N.D.Ill.1981), cited, in Tamari v. Bache & Co., 729 F.2d 469, 475 (7th Cir.1984) (allowing fees and expenses incurred in defending award of sanctions on appeal). Absent the discovery abuses, Booker would not have incurred the expense of the sanctions motion, and failure to allow him this expense would undermine the Rule’s operation because Booker’s award would be offset by his cost in seeking it and he would not be fully reimbursed for the extra work caused by the discovery abuse. See Tamari, 729 F.2d at 475. Booker, however, may still recover only for hours reasonably spent, which at a minimum will exclude time spent on issues in the sanctions motion on which Booker did not prevail and time spent on inadequate fee affidavits. E.g., Aerwey Laboratories, 90 F.R.D. at 566. Recoverable time may include any hours not already awarded spent by Chicago counsel preparing its fee affidavits for time and services which have been allowed.
Finally, Booker asks that the fee award be directed to him, rather than counsel, because counsel have already been paid, and that the magistrate impose a constructive trust or equitable lien in his favor on certain sums payable by the corporate defendant to the individual defendants liable for the fee award. These requests are not contested and should be granted on remand.
We affirm the magistrate’s fee award to the extent set out above but otherwise remand for further proceedings consistent with this opinion.