James Edward SWANN, Sr., in his capacity as Ancillary Administrator for the Estate of James Edward Swann, Jr., 825 Florida Avenue, N.E., Washington, D.C. 20002, Plaintiff,

v.

CITY OF GOLDSBORO, et al., Defendants.

No. 90–59–CIV–5–D.

United States District Court, E.D. North Carolina, Raleigh Division.

Dec. 7, 1990.

S. Reginald Kenan, Local Counsel, Warsaw, N.C. and Dean E. Swartz, Swartz & Reed, Washington, D.C., for plaintiff.

Carole S. Gailor, Donald L. Smith, David R. Guin, Womble, Carlyle, Sandridge & Rice, Raleigh, N.C., for defendants.

## ORDER

WALLACE W. DIXON, United States Magistrate Judge.

This matter is back before the court for ruling on defendants' motion for attorney fees on their motion to compel discovery and on plaintiff's motion for determination of a reasonable expert witness fee. The motions have been addressed by both sides and are now ripe for disposition.

■ Defendants' motion for an award of fees and expenses arises under Fed. R.Civ.P. 37(a)(4). Defendants contend that as they prevailed on the compulsion motion, they should be awarded One Thousand Four Hundred and Seventy–Two Dollars ($1,472.00) in attorney fees for time spent in advancing the motion. Unfortunately, notwithstanding my admonition that they do so, defendants' counsel have not followed the proper procedure to allow for an award on the record. The procedure set out in *Spell v. McDaniel*, 616 F.Supp. 1069 (E.D.N.C.1985), *aff'd in relevant part*, 824 F.2d 1380 (4th Cir.1987), *cert. denied sub nom. City of Fayetteville, North Carolina v. Spell*, 484 U.S. 1027, 108 S.Ct. 752, 98 L.Ed.2d 765 (1988), is appropriate to inform the court and plaintiff not only of the fee requested, but also the necessary support for the fee in order to avoid a separate hearing. *See Persson v. Faestel Investments, Inc.*, 88 F.R.D. 668, 669–70 (N.D.Ill.

1980) and *Addington v. Mid–American Lines*, 77 F.R.D. 750, 752 n. 1 (W.D.Mo. 1978) (both standing for proposition that a separate hearing on the fee request is not necessary if both sides given opportunity to fully address the matter in writing). For example, a fee claimant should set out with some specificity the different tasks performed and the hours allotted to each task. *Id.*, 616 F.Supp. at 1084–90. Here, defendants have submitted a bald claim for 15.2 hours divided roughly evenly between two lawyers. As two lawyers were involved, without the required specificity the court is unable to determine any potential for the duplication of services or, indeed, whether any of the time claimed is excessive. *Id.* Neither does the claim as framed allow a challenge from plaintiff except to say that "it's too much," which is about what plaintiff has done. To be sure, plaintiff did mount other challenges to the fee award motion, contending that defendants did not prevail on their compulsion motion and that defendants still owe some discovery to plaintiff before he can, in turn, adequately respond to their discovery.

■ Addressing plaintiff's position, first there can be no question but that defendant prevailed on the compulsion motion. *See Spell, supra,* 616 F.Supp. at 1080–81 (defining prevailing party when that party succeeds on any significant issue which achieves some of the benefits that party sought). At a minimum, they forced plaintiff to specifically identify a list of potential witnesses to the incident giving rise to this lawsuit. Prior to the motion, plaintiff had simply referred defendants to an S.B.I. report without any specific designation of potential witnesses. Given the universal acceptance of the discovery principle that the purpose of discovery is to allow a broad search for facts, including names of witnesses, it is equally appropriate to observe that plaintiff's refusal to specifically identify the names as defendants sought was not "substantially justified." Fed.R.Civ.P. 37(a)(4) (providing for fee award unless opposition to motion to compel is "substantially justified"). Second, plaintiff does not even address the defendants' attorneys'

claimed hourly rate. Moreover, it is perhaps the case that defendants have not fully supplied some discovery reports to plaintiff which proved to be a barrier in plaintiff reciprocating. However, plaintiff has only lately brought that to the court's attention and even now, my inference is that plaintiff was in a position to provide information early on, albeit in piecemeal fashion.

The long and short of the matter is that both sides should have and could have handled the flow of discovery between themselves so as not to involve the court. None of the discovery dispute to date has delved into those areas which frequently call for court intervention, such as work product doctrine, privilege, etc. Rather, to my mind, the dispute here has been relatively simple; the attorneys have let other matters derail the smooth flow of discovery. I have communicated to the lawyers my observation in this regard in a joint telephone conference, and I trust that disputes of the sort seen so far in this case will not recur. I have also discussed with the lawyers some of the deficiencies I saw in their earlier motion practice, a fault I find in these present filings also. So while defendants will not be awarded the full amount they claim, they will be awarded Three Hundred and Forty–Two Dollars ($342.00). This amount accounts for three hours attorney time for Mr. Guin (which apparently plaintiff does not strenuously contest) and one hour attorney time for Ms. Gailor in her role as supervising attorney.

Plaintiff's motion for an order of the court setting a reasonable expert witness fee is equally troubling. While this has been a serious source of contention, neither side has cited any authority for its position. Nevertheless, it is apparent that plaintiff deposed one of defendants' experts in the area of police tactics and practices in making arrests, etc. The expert has a One Thousand Five Hundred Dollars ($1,500.00) fee for depositions, which plaintiff thought was too much; but, plaintiff paid that amount any way under protest with the warning that he would move the court to set a reasonable fee. In support of his motion, plaintiff avers that: 1) the deposition took only 4½ hours, thus a half-day fee of Seven Hundred and Fifty Dollars ($750.00) is reasonable; and, 2) the expert did charge a half-day rate of $750.00 in one case in 1986, thus that amount is appropriate now. Defendants' position is that plaintiff's arguments are without merit and that, in any event, plaintiff has waived the right to have the court set the fee. Defendants cite to the mechanism established in Fed.R.Civ.P. 26(b)(4) in support of their position.

The rule does set up a distinct procedure for discovery as to experts. Although neither party has specifically said so, I will assume the expert in question is expected to testify for defendants at trial. See Fed.R.Civ.P. 26 advisory committee note reprinted in 48 F.R.D. 487, 503–05 (1970) (rule treats expert witnesses expected to testify differently from those retained but not expected to testify, while a third category of experts are treated as ordinary witnesses). In that case, the expert's identity and the "substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion" may be discovered by interrogatories free of charge. See Keith v. Van Dorn Plastic Machinery Company, 86 F.R.D. 458, 460 (E.D.Pa. 1980) (no payment of fee to expert required if interrogatories used to get expert information). Thereafter, according to the rule, if the discovering party wishes to pursue further discovery, it must do so by motion to the court. In permitting further discovery, the court may then set fees and expenses as appropriate. This provision is generally considered to be the exclusive method for learning such information. Hockley v. Zent, Incorporated, 89 F.R.D. 26, 29 (M.D.Pa.1980); United States v. International Business Machines Corporation, 72 F.R.D. 78, 83 (S.D.N.Y.1976) (describing two-step procedure of Rule 26 as the "exclusive" method and "only" method for discovery of expert information); see also Shackleford v. Vermeer Manufacturing Company, 93 F.R.D. 512, 513 (W.D.Tex.1982) (describing Rule 26 procedure as the "sole method" for obtaining

information from experts "absent agreement of the parties"). Thus, when the court becomes involved by motion to permit further discovery of expert information, the court must require the discovering party to pay the expert a reasonable fee. *Shackleford, supra,* 93 F.R.D. at 513. In the absence of resort to this procedure, the court should not now become involved. *Id.* at 514.

The reason for the court's inability to assign a specific fee for the expert at deposition should be obvious. First, the court did not have the opportunity to consider the scope of the questioning or otherwise determine whether any restrictions were appropriate. *See* Rule 26 advisory committee note, *supra,* 48 F.R.D. at 505 (court's exercise of discretion in awarding fee under part (b)(4)(A)(ii) should depend on whether discovering party is simply learning about opponents' case or goes beyond this to develop his own case). Thus, the court assumes that the deposition was wide-open and free-wheeling, with plaintiff's counsel asking any questions he chose. More important, however, while the expert might have had at one time in 1986 a half-day fee, there is no evidence he still adheres to that schedule. Quite the contrary; the evidence is that he does not. Therefore, the court's sympathies with plaintiff's argument that the fee is excessive notwithstanding, to set any amount now by order would be equally arbitrary. Finally, to be sure the parties are permitted to agree to the taking of an expert witness' deposition without using the Rule 26 two-step method involving the court, at least at the second step. Those agreements between counsel are the very things the rules encourage. Such a stipulation should reach to the expert's fee, however, as the discovering party bears that expense. *See Sampson v. Orkin Exterminating Company,* 124 F.R.D. 631 (N.D.Ind.1989). In the absence of a full stipulation, the discovering party proceeds at his own peril.

For the foregoing reasons, defendants' attorney fee motion is ALLOWED in part, to the extent that plaintiff is directed to pay Three Hundred and Forty–Two Dollars ($342.00) to defendants' attorneys, Ms. Gai-

lor and Mr. Guin, within ten (10) days of the receipt of this order; and, plaintiff's motion for an order of the court assigning an expert witness deposition fee is DENIED.

SO ORDERED.