DATED this 19th day of October, 1993.

**SURE SAFE INDUSTRIES INC.,**
**Intertrack Management, Inc.,**
**Plaintiffs,**

v.

**C & R PIER MFG., Richard Clifton**
**& Chuck Giles, Defendants.**

**Civ. No. 92–1050–E(LSP).**

United States District Court,
S.D. California.

Sept. 8, 1993.

**626**

Jerome J. Norris, Antonelli, Terry, Stout & Kraus, Washington, DC, for plaintiffs.

Jeffrey G. Sheldon and Howard L. Hoffenberg, Sheldon & Mak, Pasadena, CA, for defendants.

## ORDER REGARDING SANCTIONS

ENRIGHT, District Judge.

On June 15, 1993, this Court held a hearing on Plaintiffs' Motion to Compel Production of Documents. Jay Kopelowitz, local counsel, appeared on behalf of the plaintiffs. Jeffrey Sheldon appeared on behalf of defendants. At the conclusion of the hearing, the Court awarded monetary sanctions in favor of defendants C & R PIER MANUFACTURING and RICHARD CLIFTON, and against plaintiffs SURE SAFE INDUSTRIES, INC. and INTERTRACK MANAGEMENT, INC. and their attorneys of record, Jerome Norris and Antonelli, Terry, Stout & Kraus, jointly and severally.

The Court specifically found that Plaintiffs' Motion to Compel Production of Documents was frivolous, filed in "bad faith," not adequately grounded in fact and law, imposed for an improper purpose, lacked substantial justification and multiplied the proceedings unreasonably and vexatiously. These findings support a ruling that plaintiffs violated Federal Rules of Civil Procedure 11 and 37(a)(4), and 28 U.S.C. § 1927. This Court has the power to issue sanctions for violations of Federal Rules of Civil Procedure 37(a)(4). It may also make recommendations to the district court for issuance of sanctions with respect to violations of Federal Rules of Civil Procedure 11 and 28 U.S.C. § 1927.

The Court therefore ordered defendants to submit an affidavit, along with supporting time sheets and invoices, to document the attorneys fees and costs incurred from and after the Response to the Request for Production of Documents was served, for attempts to coordinate the production of documents, to meet and confer on disputed issues concerning the request for production of documents and to oppose Plaintiffs' Motion to Compel.

The submission of an attorneys' fees claim is properly made under the guidelines set forth in *Kerr v. Screen Extras Guild*, 526 F.2d 67 (9th Cir.1975) *cert denied*, 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976). See also *Kinney v. Int'l Brotherhood of Electrical Workers*, 939 F.2d 690, 695 (9th Cir. 1991). The *Kerr* guidelines provide that a court should consider:

1.  detailed listings of services and time expended;
2.  the novelty and difficulty of the legal and factual questions involved;
3.  the skill required to perform the services;
4.  whether counsel was precluded from employment for other clients as a result of counsel's rendering services in that case;
5.  the billing rates of the service provider;
6.  the time spent by each service provider in a non-contingency fee matter;
7.  the time limitations affecting the provision of the services;
8.  what was at stake;
9.  the experience, reputation and ability of the service provider;
10.  the "undesirability" of the case;
11.  the nature and length of the relationship between counsel and client; and
12.  the size of fee awards in similar cases.

Properly included in an award of attorneys' fees are costs and fees for paralegals, out-of-pocket expenses, including travel, telephone, mailing, copying and computerized legal research expenses. See *Ford Motor Co. v. Kuan Tong Industrial*, 697 F.Supp. 1108 (N.D.Cal.1987); *Mathis v. Spears*, 857

F.2d 749, 755 (DC Cir.1988). Attorneys' fees in preparation of requests for attorneys' fees sanctions are recoverable under Rule 37. See *Booker v. Stauffer Seeds, Inc.*, 817 F.2d 47, 50 (8th Cir.1987).

■ On July 1, 1993, counsel for defendants submitted the declaration of attorney Howard L. Hoffenberg, along with detailed time sheets, invoices, explanations of attorney, and paralegal billing rates and biographies of attorneys whose time was billed on the matter. The biographies show the experience, reputation and ability of the attorneys and provide the Court with a solid basis for awarding sanctions commensurate with the billing rates quoted.

After careful consideration of the affidavit and supporting documentation submitted by counsel for defendants, and the opposition papers submitted by plaintiffs, the Court hereby awards sanctions in the sum of $12,242.00 for attorneys fees and $912.25 for costs. These dollar figures represent the fees and expenses incurred on resolution of the Motion to Compel Production of Documents and in preparation of the Claim for Attorneys Fees and Costs. The Court hereby incorporates its comments made at the hearing on this matter on June 15, 1993.

The tables below summarize the attorneys' fees and costs awarded.

### Attorneys' Fees

| Service Provider | Dollars Expended on Motion to Compel | Dollars Expended on Preparing Claim for Fees and Costs |
|---|---|---|
| Jeffrey Sheldon (Partner) | $ 1,938.00 | $ 95.00 |
| Surjit P. Soni (Partner) | 00 | 285.00 |
| Howard L. Hoffenberg (Associate) | 5,643.00 | 2,850.00 |
| Joel R. Bennett (Affiliate Attorney) | 570.00 | 00 |
| Eve Y. Torres (Paralegal) | 650.00 | 65.00 |
| Stan Wilcox (Paralegal) | 146.00 | 00 |
| Sub–Total | $ 8,947.00 | $3,295.00 |
| TOTAL | $12,242.00 | |

### Costs

| Description | Dollars Expended on Motion to Compel | Dollars Expended on Preparing Claim for Fees and Costs |
|---|---|---|
| Computerized legal research | $212.00 | $ 00 |
| Photocopying [1] | 164.50 | 71.75 |
| Express Mail | 37.00 | 9.00 |
| Other | 159.00 | 00 |
| Travel | 259.00 | 00 |
| Sub–Total | $831.50 | $80.75 |
| TOTAL | $912.25 | |

THEREFORE, IT IS RECOMMENDED AND ORDERED that plaintiffs SURE SAFE INDUSTRIES, INC. and INTERTRACK MANAGEMENT, INC. and their

---

1. Defendants' original submittals contained "estimated" photocopying expenses. The Court requested that defendants provide the Court with an explanation of the "estimated" photocopying expenses. By letter of August 6, 1993, counsel for defendants adequately explained that the "estimated" charges were in fact "calculated" charges and were not approximations subject to significant variance.

attorneys of record, Jerome Norris and Antonelli, Terry, Stout & Kraus, shall pay to defendants C & R PIER MFG. and RICHARD CLIFTON the sum of $13,154.25 on or before *September 30, 1993* (unless payment arrangements are agreed upon between the parties) as sanctions pursuant to Federal Rules of Civil Procedure 11, 37(a)(4) and 28 U.S.C. § 1927, as discussed herein.

DATED: September 3, 1993

/s/ Leo S. Papas
LEO S. PAPAS
United States Magistrate Judge

DATED: 9–8–93

/s/ William B. Enright
WILLIAM B. ENRIGHT
United States District Judge

cc: Attorneys of Record
Sanctions/Order