NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 16 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HAIPING SU, | No. 16-16818 |
| Plaintiff-Appellant, | D.C. No. 5:09-cv-02838-EJD |
| v. | |
| NATIONAL AERONAUTICS AND SPACE ADMINISTRATION, an Agency of the United States; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted February 14, 2018[**]
San Francisco, California

Before: KLEINFELD and TALLMAN, Circuit Judges, and JACK,[***] District Judge.

Plaintiff-Appellant Haiping Su appeals the district court's denial of his

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Janis Graham Jack, United States District Judge for the Southern District of Texas, sitting by designation.

motion for attorneys' fees under Federal Rule of Civil Procedure 37(c)(2). Su

argues the district court abused its discretion by: (1) finding Rule 37(c)(2)(B) and

(D) exceptions applied; (2) denying Su's requested fees as unreasonable;

and (3) denying fees on the ground that NASA and the United States are distinct

legal entities. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

**1.** Su argues the district court erred in finding that exceptions to Rule

37(c)(2) precluded an award of attorneys' fees as sanctions for failure to admit

Request for Admission ("RFA") 16. The district court properly recognized "that

potentially valid arguments could have been made on both sides of this issue," and

accordingly, the United States had "good reason for failure to admit." *Magnetar*

*Tech. Corp. v. Intamin, Ltd.*, 801 F.3d 1150, 1161 (9th Cir. 2015). The district

court did not err in applying Rule 37(c)(2)(D).

Further, the district court did not abuse its discretion in finding RFA 16 was

not "material to the disposition of" Su's privacy claims. *McCarthy v. Ameritech*

*Publ'g, Inc.*, 763 F.3d 488, 492 (6th Cir. 2014) (citing *SEC v. Happ*, 392 F.3d 12,

34 (1st Cir. 2004)). Su ignores that "[t]he importance of the disputed fact is

assessed at the time the request for admission is made, not at the end of the case."

*Id*. In viewing RFA 16 at the time it was made, we find no error in the district

court's holding that "the admission sought was of no substantial importance." Fed.

R. Civ. P. 37(c)(2)(B).

**2.** The district court did not "commit[] a clear error of judgment" in finding Su's expenses were plainly unreasonable. *Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 936 (9th Cir. 1994) (citation omitted). The district court properly found sanctions must be "limited to the fees the innocent party incurred solely because of the misconduct." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1184 (2017). Given the district court's considerable discretion to determine the reasonableness of the fee, we find no error here. *See Gates v. Gomez*, 60 F.3d 525, 534 (9th Cir. 1995).

**3.** The district court did not err in denying fees under Rule 37(c)(2) based on its conclusion that the United States and NASA are legally distinct entities. RFA 8 was filed on February 22, 2010 and addressed to NASA. Under 28 U.S.C. § 2679, the United States had not been "substituted as the party defendant" at the time RFA 8 was filed. The United States became a party to the suit on June 24, 2010 when Su's two pending cases, against NASA and the United States respectively, were consolidated. Due to the procedural posture of this case, the district court did not abuse its discretion in finding the United States was not "the party who failed to admit" under Rule 37(c)(2). *See Allen v. Veterans Admin.*, 748 F.2d 1386, 1389 (9th Cir. 1984).

Plaintiff shall bear all costs of appeal. *See* Fed. R. App. P. 39(a)(2).

**AFFIRMED.**

3