NOT RECOMMENDED FOR PUBLICATION

No. 17-2253

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

SHERMAN M. HUBBARD,

 Plaintiff-Appellant,

  v.

SELECT PORTFOLIO SERVICING, INC., et al.,

 Defendants-Appellees.

)
)
)
)
)
)
)
)
)
)
)

FILED

Jun 07, 2018
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

_____

BEFORE: BOGGS and GRIFFIN, Circuit Judges; HOOD, District Judge.*

 GRIFFIN, Circuit Judge.

 After defaulting on his mortgage and seeing his request for a loan modification denied, Sherman Hubbard sued his mortgagee, past mortgage servicer, and current mortgage servicer for breach of contract, breach of fiduciary duty, and fraud. The district court dismissed the case because Hubbard failed to state a claim and denied Hubbard's request to amend his complaint to add new claims. Hubbard now challenges the denial of his request to amend. We affirm.

I.

 Fourteen years ago, Nationwide Lending Corporation loaned Hubbard $164,000 and secured the loan with a mortgage on a property Hubbard owned. One year later, New Century

_____

 *The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Mortgage Corporation recorded an assignment of the mortgage to it. And at some point after that, New Century assigned the mortgage to Deutsche Bank.

Bank of America serviced the mortgage until 2012, when Select Portfolio Servicing took over. In 2008, while Bank of America was the servicer, Hubbard filed for bankruptcy and paid $41,887 toward the mortgage. Hubbard never completed the bankruptcy; it was dismissed without discharge.

Hubbard eventually defaulted on the mortgage. He then applied for a loan modification, which Select Portfolio Servicing denied because he failed to return the final modification documents by the deadline to do so.

In April 2016, Hubbard sued Select Portfolio Servicing, Bank of America, and Deutsche Bank for breach of contract, breach of fiduciary duty, and fraud. He brought the lawsuit pro se. His complaint contained few factual allegations, and often failed to distinguish between defendants—instead alleging generally that "defendants" had done certain things. As to Deutsche Bank, Hubbard alleged only that it had purchased the mortgage. Regarding Bank of America, Hubbard alleged that it had been assigned the mortgage (not that it had been the servicer), that it had never accounted for the money he paid during his bankruptcy, and that it had changed the locks on the property. And as to Select Portfolio Servicing, Hubbard alleged that it had offered him a loan modification—conditioned on his completion of three trial payments—that would set his payments below $1,375 per month and his interest rate between 2.75% and 3.75%, and that he made the trial payments only to be offered a modification with payments of $1,375 per month and an interest rate of 8.78%.

Defendants moved to dismiss the complaint or, in the alternative, for summary judgment. The district court referred the motions to a magistrate judge, who recommended granting both of

them. Hubbard objected. The district court overruled the objections and granted the motions. Hubbard also moved to amend his complaint to add additional claims, including a claim under the Racketeer Influenced and Corrupt Organizations Act (RICO). The district court denied the motion.

## II.

On appeal, Hubbard is represented by counsel and devotes the majority of his opening brief to (1) matters unrelated to whether his complaint stated a claim and (2) allegations never raised in his complaint. He then contends in a single paragraph that the district court erred in denying his motion to amend the complaint to add a RICO claim. Hubbard never mentions the three claims he asserted in his complaint, never outlines their elements, and never explains how his allegations stated a plausible claim to relief. But he does ask us to reverse the district court "completely" so he can "keep[] all of the issues alive."

To the extent that Hubbard attempts to appeal the dismissal of his complaint, he has abandoned that challenge by presenting a perfunctory and underdeveloped argument. *See Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1063 (6th Cir. 2014). With no mention of the claims he raised, no explanation of how his allegations plausibly stated those claims, and no legal support—indeed, with only a request that we reverse—we have nothing to analyze. Hubbard may not present a skeletal argument, leaving us to put flesh on its bones. *See United States v. Hendrickson*, 822 F.3d 812, 829 n.10 (6th Cir. 2016). And even had he sufficiently developed his argument, by not including the challenge in his statement of issues he has failed to preserve the issue. Fed. R. App. P. 28(a)(5); *McCarthy v. Ameritech Publ'g, Inc.*, 763 F.3d 488, 494 (6th Cir. 2014).

The district court denied Hubbard's motion to amend his complaint after concluding that amendment would be futile. We review that decision de novo. *Parry v. Mohawk Motors of Mich.,*

*Inc.*, 236 F.3d 299, 306 (6th Cir. 2000). To state a RICO claim, Hubbard needed to plausibly allege: (1) the existence of an enterprise engaged in interstate or foreign commerce, or one affecting it; (2) the commission by members of the enterprise of two or more predicate offenses (those listed in 18 U.S.C. § 1961(1)); (3) a nexus between the enterprise and the predicate offenses; and (4) an injury to Hubbard's business or property that the enterprise and its racketeering activity caused. *See Frank v. D'Ambrosi*, 4 F.3d 1378, 1385 (6th Cir. 1993).

Hubbard never outlines the elements of a RICO claim, and he never explains how his proposed amended complaint plausibly states such a claim; he simply refers us to *George v. Urban Settlement Services*, 833 F.3d 1242 (10th Cir. 2016). Although the *George* court held that the plaintiffs there had stated a RICO claim in similar factual circumstances, *id*. at 1246, the court's analysis shows why amendment here would have been futile. In *George*, when analyzing whether the plaintiffs had sufficiently alleged the commission of two or more predicate offenses, the Tenth Circuit found that the plaintiffs had sufficiently alleged the commission of mail fraud and wire fraud (both of which Federal Rule of Civil Procedure 9(b) subjects to a heightened pleading-standard). *Id*. at 1253–57. The allegations held up, the court reasoned, because the plaintiffs had identified the defendants' employees by name; had given specific dates when those employees made false statements; had listed specific actions taken in reliance on the false statements; had outlined specific injuries that the false statements caused; and had explained how the false statements furthered the enterprise's goal. *Id*. at 1256–57.

Here, by contrast, Hubbard's allegations of mail fraud and wire fraud contained only general assertions of statements made to him and "thousands of homeowners." At a minimum, Hubbard needed to allege the time, place, and content of the false statements he relied on; the fraudulent scheme; defendants' fraudulent intent; and the injury that the fraud caused. *Coffey v.*

*Foamex L.P.*, 2 F.3d 157, 161–62 (6th Cir. 1993). Because he did not make any of those allegations, allowing him to amend his complaint would have been futile; Hubbard did not plausibly and specifically allege the commission of two or more predicate offenses, so his proposed amended complaint failed to state a RICO claim.

## III.

For these reasons, we affirm the district court's judgment.