THAPAR, District Judge,
dissenting in part.
After reviewing the record, the briefs, and the law, a well-prepared district judge asked direct and pointed questions at a summary-judgment hearing. He wanted to know what evidence the plaintiffs had to support three of their claims against Dave Alexander. The plaintiffs came up with *387 nothing more than rumors and speculation — not a scintilla of concrete evidence. So the district court did the only thing it could by properly granting Alexander’s motion for summary judgment on those claims.
The story should end there. But in this case, the majority, acting alone, finds evidence that purportedly supports the plaintiffs arguments. When was that evidence first presented? Not in the briefs to the district court. Not in the argument before the district court. Not in response to the district court’s questions. And not in this court. Never.
After finding those never-presented facts, the majority uses those facts as the sole grounds for reversing the district court’s grant of summary judgment on the Lanham Act, injurious-falsehood, and tor-tious-interference claims against Alexander. To recall, LidoChem and Dean allege that some of their competitors in the agricultural fertilizer industry, Stoller and Alexander, made literally false statements about LidoChem’s and Dean’s products that caused them to lose business. Lido-Chem and Dean sued these defendants, asserting Lanham Act, injurious-falsehood, tortious-interference, civil conspiracy, and defamation claims. Stoller and Alexander moved for summary judgment, arguing in part that there was no admissible evidence that they made any actionable statements. To avoid summary judgment on the Lan-ham Act, injurious-falsehood, and tortious-interference claims against Alexander, Li-doChem and Dean only pointed to the rumor-and-guesswork mill:
• Christian’s testimony that his two farmers told him that Alexander said LidoChem products would damage any crops they tried to grow. Pls. Resp. in Opp., R. 70 at 21 (citing Christian Dep., R. 70-11 at 68-69).
• Gelder’s testimony that individuals, including Pete VanWeerdhuizen, Keith Hanenberg, and Steve Leiprandt, told him that Alexander said LidoChem’s products were having “quality issues” and contained “poison.” Id. (citing Gelder Dep., R. 70-10 at 99-105).
• Gerst’s testimony that Gelder, Green Valley, and farmer Adam Mulder told him that Alexander said negative things about Dean’s and LidoChem’s products. Id. at 32 (citing Gerst Dep., R. 70-17 at 120-22, 146).
• Alexander must have said something false about LidoChem during his meeting with Rod Enry, the President of The Andersons. Mots. Hr’g Tr., R. 75 at 9-10.
The district court correctly concluded that none of this evidence was sufficient to defeat summary judgment. After all, Christian, Gelder, and Gerst each testified that “Farmer X [told him] about what somebody else said to Farmer X.” Mots. Hr’g Tr., R. 75 at 66. That inadmissible hearsay is not competent summary judgment evidence. See, e.g., Carter v. Univ. of Toledo, 349 F.3d 269, 274 (6th Cir.2003) (“If the [offered evidence] is deemed to be hearsay, then the evidence could not be considered on summary judgment.”). And LidoChem and Dean did not present any evidence that Alexander made a negative statement — let alone a literally false statement — about them during the meeting with Enry. Worse yet, when the district court specifically inquired about the contents of the statements, counsel inexplicably responded that they did not depose the individuals at The Andersons because those individuals were dismissed from the case. R. 75 at 10. On appeal, all the plaintiffs can do is point to the meeting between Alexander and Enry and speculate that the timing was right for something to have been said. Appellant’s Br. at *388 9. Pointed to these — and only these — facts, the district court properly granted summary judgment on all the claims against Alexander. What else was the district court to do?
According to the majority, roll up its judicial sleeves and scour the record for evidence to avoid granting summary judgment. The majority sifts through hundreds of pages of deposition testimony to find two false representations made by Alexander: Alexander admitted that he explained the results of the false McKenzie Wright Laboratory report directly to Dennis Boersen. See Alexander Dep., R. 70-18 at 119, 145. And he also admitted that he discussed the facts underlying the Boersens’ lawsuit with Michigan growers, including managers of Sackett Ranch and Blue Sky. See id. at 174-75. Majority Op. at 381-82. This set of statements, the majority concludes, is a sufficient basis for the plaintiffs’ claims against Alexander to survive summary judgment.
The majority does not dispute that these statements were neither presented to the district court nor on appeal. So where does the majority claim authority to start combing the record? They say Federal Rule of Civil Procedure 56(c)(3) (“The court need consider only the cited materials, but it may consider other materials in the record.”). There are multiple problems with the court of appeals applying Rule 56(c)(3). For starters, the rule applies to district courts, not appellate courts, see Fed.R.Civ.P. 1 (noting rules apply to district courts), and it is discretionary, not mandatory, see Fed.R.Civ.P. 56(c)(3) (stating that the district court “may” consider other materials). But the majority says that de novo review justifies the appellate court starting over. De novo review though has never meant the appellate court starts over. Rather, it means the appellate court takes the facts as presented to the court below and reviews whether summary judgment is justified without giving special deference to the decision below. See, e.g., Chicago Title Ins. Corp. v. Magnuson, 487 F.3d 985, 995 (6th Cir.2007) (stating on summary judgment review that Sixth Circuit looks at factual record as presented by the non-movant to district court); 1 Steven Alan Childress & Martha S. Davis, Federal Standards of Review § 2.14 (3d ed. 1999) (“[W]hat is meant [by de novo review] is merely appellate power, ability, and competency to come to a different conclusion on the record as determined below.”) (emphasis added).
Maybe the majority’s misunderstanding of the rules stems from the word “presented” or “record below.” After all, the record below arguably includes everything, and all of that is in some sense “presented” to the district court. But “presented” is a legal term of art that means “pointed out to a court,” not simply included in the record. The Federal Rules of Civil Procedure require a party seeking summary judgment to “present evidence” by pointing to specific facts that demonstrate there is no support for the non-movant’s case. See Amini v. Oberlin College, 440 F.3d 350, 357 (6th Cir.2005) (“A moving party can meet its burden under Rule 56(c) by showing-that is, pointing out to the district court-that there is an absence of evidence to support the nonmoving party’s case.” (internal quotations and citations omitted)). In response, the non-movant must point to specific facts showing there is a genuine issue for trial. See Fed.R.Civ.P. 56(c)(1)(A); see also Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 n. 17 (6th Cir.1990) (stating non-movant must present affirmative evidence to defeat summary judgment and collecting numerous cases saying the same). Courts do not engage in a self-directed inquiry into the facts because district judges are not “pigs, *389 hunting for truffles.” Emerson v. Novartis Pharm. Corp., 446 Fed.Appx. 733, 736 (6th Cir.2011) (quoting United States v. Dunkel, 927 F.2d 955, 956 (7th Cir.1991)). And this circuit has reaffirmed this principle time and again. Wimbush v. Wyeth, 619 F.3d 632, 638 n. 4 (6th Cir.2010) (stating that parties may not simply dump “a pile of paper on the district judge’s desk,” but rather have an obligation “to point to the evidence with specificity and particularity”).
Set aside doctrine for a minute and imagine a world where appellate courts could apply Rule 56(c)(3) when they saw fit. After the parties fail to demonstrate a disputed issue of fact and the district judge properly grants summary judgment, the court of appeals could go hunting for evidence. But if this sort of review is in the purview of the appellate court, the non-movant can simply file a two-page brief or one with no citations to the record or admissible evidence, and then when they lose, they can rely on the court of appeals to do their job. If that is the standard, why have briefs at all — one side could say, “I move for summary judgment,” and the other could say, “We contest,” and then the district court judge would have to go hunting through the record. Where does it stop?
And if that is not enough, imagine what the majority’s approach does to other rules. Say in this case, after the district court’s ruling, the plaintiff files a motion to reconsider under Rule 59(e) and points the court to evidence it forgot to mention before. For a district court to consider that evidence, it must be “previously unavailable.” See GenCorp, Inc. v. Am. Int’l Underwriters, 178 F.3d 804, 834 (6th Cir.1999) (holding that for a party to prevail on newly discovered evidence, it “must have been previously unavailable”). Yet, under the majority’s reasoning, the appellate court could consider the very evidence that the district court was not allowed to consider. Or let’s say the party produces no evidence in response to the movant’s factual assertions, and the district court considers the fact undisputed under Rule 56(e)(2), which allows a district court to consider undisputed facts as proven. Can a court of appeals say, “Well it is de novo review and we found facts in the record you could have used to dispute it,” and reverse the district court?
Finally, and perhaps most importantly, the majority’s voyage into uncharted waters is in contradiction to published circuit precedent on two levels: (1) it ignores the well-established rule that district courts need not examine every line of the record looking for reasons to deny summary judgment, and (2) it ignores the rule that this court will not consider evidence not presented to the district court.
A sampling of cites supporting (1): Wimbush, 619 F.3d at 639 n. 4 (“This evidence was not attached to her brief responding to Wyeth’s merits argument, nor was it cross-referenced in that brief. Instead, Buchanan suggests that the fact that the evidence was in the record somewhere is sufficient to create a question of fact and survive summary judgment. This is simply incorrect.”); Chicago Title, 487 F.3d at 995 (“A district court is not required to search the entire record to establish that it is bereft of a genuine issue of material fact.” (internal quotations and citations omitted)); In re Morris, 260 F.3d 654, 654-55 (6th Cir.2001) (“Poss [argues] that the court used an improper standard that did not require it to review the entire record_ The bankruptcy court interpreted Street to mean that the nonmoving party has an affirmative duty to direct the court’s attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact. *390 This reading accords with the burden Celotex places on the nonmoving party.” (internal quotation omitted)); Guarino v. Brookfield Twp. Trs., 980 F.2d 399, 404 (6th Cir.1992) (“Appellants’ argument that the district court erred in not searching the record sua sponte is wholly without merit. The facts presented and designated by the moving party were the facts at hand to be dealt with by the trial court. Furthermore, their status as “the facts at hand” is maintained intact here on review.”); Inter-Royal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir.1989) (“A district court is not required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party’s claim. Rule 56 contemplates a limited marshalling of evidence by the nonmoving party sufficient to establish a genuine issue of material fact for trial.”).
A sampling of cites supporting (2): Chicago Title, 487 F.3d at 995 (“[T]he Sixth Circuit will not entertain on appeal factual recitations not presented to the district court when reviewing a district court’s decision. In reviewing summary judgment, we look at the record in the same fashion as the district court.” (internal quotations and citations omitted)); Estate of Mills v. Trizec Props., 965 F.2d 113, 115 (6th Cir.1992) (“In reviewing summary judgment, we look at record in the same fashion as the district court.”); Guarino, 980 F.2d at 404 (“This Court will not entertain on appeal factual recitations not presented to the district court any more readily than it will tolerate attempts to enlarge the record itself.”); White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990) (stating that this Court only reviews “the case presented to the district court rather than a better case fashioned after the district court’s order” (internal quotation marks and citation omitted)).
Finally, some other circuits’ views: Holland v. Sam’s Club, 487 F.3d 641, 644 (8th Cir.2007) (“[T]he district court is not obligated to wade through and search the entire record for some specific facts which might support the nonmoving party’s claim, rather the nonmoving party must designate the specific genuine issues of material fact that preclude summary judgment. Even though on appeal Holland designated the specific facts supporting [the claim], Holland waived this argument by not presenting it to the district court.” (internal citation and quotation omitted)); Atlanta Gas Light Co. v. UGI Util., Inc., 463 F.3d 1201, 1208 n. 11 (11th Cir.2006) (“Neither the district court nor this court has an obligation to parse a summary judgment record to search out facts or evidence not brought to the court’s attention.”); Ruffin-Thompkins v. Experian Info. Solutions, Inc., 422 F.3d 603, 610 (7th Cir.2005) (“The appellate stage is too late to specify portions of the record which may create an issue of material fact.” (internal quotation omitted)); Amnesty Am. v. Town of West Hartford, 288 F.3d 467, 470 (2nd Cir.2002) (“[Rule 56] does not impose an obligation on a district court to perform an independent review of the record to find proof of a factual dispute.”); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir.2001) (noting that “requiring the district court to search the entire record, even though the adverse party’s response does not set out the specific facts or disclose where in the record the evidence for them can be found, is unfair” to the movant, to the court, and to other litigants whose cases the court could be addressing); Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir.1998) (“Thus, where the burden to present such specific facts by reference to exhibits and the existing record was not adequately met below, we will not reverse a district *391 court for failing to uncover them itself.... If the rule were otherwise, the workload of the district courts would be insurmountable and summary judgment would rarely be granted.”); Skotak v. Tenneco Resins, Inc., 95B F.2d 909, 915 (5th Cir.1992) (“Because the Skotaks failed to refer to [certain evidence] in their summary judgment response, the articles were not properly before that court in deciding whether to grant the motion; therefore, they will not be considered here. Although on summary judgment the record is reviewed de novo, this court, for obvious reasons, will not consider evidence or arguments that were not presented to the district court for its consideration in ruling on the motion”).
Even the cases the majority cites are contradictory to their holding. See Matsushita Elec. Indus. Co. v. Zenith Radio Carp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (“[T]he non-moving party must come forward with specific facts showing there is a genuine issue for trial”) (emphasis in original; quotation omitted); Betkerur v. Aultman Hosp. Ass’n, 78 F.3d 1079, 1087 (6th Cir.1996) (“The trial court no longer has the duty to search the entire record or establish that it is bereft of a genuine issue of material fact.” (quotation omitted)).
In the end, LidoChem and Dean’s attorneys did not present the majority’s unearthed statements to the district court or in any of their appellate briefs. See, e.g., Appellants’ Br. at 16, 29, 36; Appellants’ Reply Br. at 4, 12. It was their job to do so, and their failure should be fatal. Magnum Towing & Recovery v. City of Toledo, 287 Fed.Appx. 442, 449 (6th Cir.2008) (“It is not the district court’s (or our) duty to search through the record to develop a party’s claims; the litigant must direct the court to evidence in support of its arguments before the court.”). Thus, I respectfully dissent from the reversal of the district court on the Alexander claims.