**Donna Sue BULLARD, Plaintiff–Appellant,**

v.

**ROADWAY EXPRESS, Defendant–Appellee.**

No. 99–6497.

United States Court of Appeals, Sixth Circuit.

Feb. 5, 2001.

Before GUY, NORRIS, and SILER, Circuit Judges.

PER CURIAM.

Plaintiff, Donna Sue Bullard, appeals from the dismissal of her claims against her employer, Roadway Express. The complaint alleged that defendant discriminated against her on the basis of her sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5. Plaintiff, employed as a line-haul truck driver, claimed that she was denied accommodation for her medical condition unless she provided complete medical records to her supervisor. Two male drivers allegedly received accommodation for their medical conditions based only upon a doctor's letter. Because defendant refused to limit her assignments, plaintiff was disciplined and had to remain on sick leave for seven months.

Plaintiff contends that the district court abused its discretion by dismissing the case for failure to provide initial discovery or comply with a specific discovery order. Also challenged is the district court's finding that plaintiff's failure to disclose her medical records at the time she requested accommodation created a substantive bar to recovery. After review of the record and the arguments presented on appeal, we affirm the dismissal for failure to provide discovery.

### I.

During 1995, plaintiff requested a restricted work schedule due to her medical condition and provided a doctor's letter in support of that request. Plaintiff had been diagnosed with endometriosis and fibroid tumors. She was denied accommodation unless she provided her supervisor with a copy of her complete medical records, which she refused to do. Plaintiff filed a charge of sex discrimination with the EEOC, but was not issued a right-to-sue letter until February 22, 1999.[1]

Acting *pro se*, plaintiff commenced this action on May 12, 1999, and defendant filed an answer. The district court sent notice that a scheduling conference would be held on July 2, 1999, along with a copy of the district court's Standing Order concerning scheduling and status conferences. The Standing Order directs that:

### IV. INITIAL DISCLOSURE

In accordance with Fed.R.Civ.P. 26(f), the parties shall, at least 14 days prior to the scheduling conference, meet for discussions in accordance with Rule 26(f) and for the purpose of preparing a proposed discovery plan. Moreover, within 10 days of the 26(f) meeting (i.e. at least 4 days *prior* to the first scheduling conference), the parties ... shall make disclosure pursuant to Rule 26(a)(1).

Further, the Standing Order states that failure to appear at the scheduling or status conference "or to comply with the directions of the Court set forth herein, may result in an *ex parte* hearing being held and the entry of such order as is just, including a judgment of dismissal with prejudice or entry of a default judgment, or other appropriate sanctions, without

1. The EEOC right-to-sue letter states that there was "reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged." No settlement could be reached, and the EEOC decided not to sue.

further notice to the party who fails to appear."

Although plaintiff's *pro se* attempt to reschedule the first conference was unsuccessful, a continuance was granted after she obtained counsel. The conference was rescheduled for September 8, 1999, and a second copy of the Standing Order was included with notice of the new date. After the conference on September 8, at which plaintiff's counsel appeared, the district court scheduled a follow-up conference for October 7, 1999, and sent a third copy of the Standing Order with the notice. In addition, the district court specifically ordered (1) that plaintiff provide defendant with a detailed statement of her calculation of damages no later than September 30, 1999; and (2) that she personally appear with counsel at the hearing on October 7, 1999.

At the hearing, plaintiff, represented by counsel, admitted that she had not provided defendant or the court with a copy of any relevant medical records because she felt defendant was not entitled to such personal and private information. Plaintiff presented a "Statement of Economic Loss," which attempted to list some dates that she missed work due to her condition but did not connect the missed days to a dollar figure. During the hearing, defendant moved to dismiss the complaint, and an order was entered to that effect the next day. This timely appeal followed.

## II.

The district court concisely stated its reasons for dismissing the complaint for failure to provide discovery in its order of October 8, 1999.

As discussed at the Conference, Plaintiff's disclosures are clearly insufficient to comply with the requirements of Rule 26(a)(1)(C) and with the Court's September 9 Order. The discovery rules require parties to disclose "a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered...." Fed.R.Civ.P. 26(a)(1)(C).

Plaintiff's medical records are essential to a calculation of damages in this case. Plaintiff seeks damages for lost wages. Yet, for some portion of the time period for which she claims damages, it is undisputed that Plaintiff was either recuperating from surgery or participating in rehabilitation, and therefore unable to work. Additionally, Plaintiff's Statement of Economic Loss contains no information relating to hours worked or hourly pay, information essential to calculating lost wages. Astonishingly, Plaintiff's statement does not contain any reference to a dollar figure. Such disclosures cannot constitute a "computation of damages" under the discovery rules or a "detailed statement of Plaintiff's calculation of damages" under the Court's September 9 Order.

Fed.R.Civ.P. 41(b) states that: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." The Court finds that Plaintiff has failed to comply both with the discovery rules and with the September 9 Order of the Court. Further, Plaintiff has not indicated a willingness to disclose her medical records— documents essential to the resolution of this dispute. Although Plaintiff has the right to protect her privacy by refusing to disclose her medical records, Plaintiff has no right to maintain a civil action in

which she refuses to disclose relevant documents. A just resolution of this dispute is impossible without the documents Plaintiff refuses to disclose. Pursuant to Rule 41(b), Defendant's Motion to Dismiss is GRANTED.

While the court has authority to dismiss under Fed.R.Civ.P. 41(b), we have been reluctant to affirm a dismissal that merely disciplines an attorney unless there is a clear record of delay or contumacious conduct on the part of the plaintiff. *See Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 364 (6th Cir.1999); *Patterson v.. Township of Grand Blanc*, 760 F.2d 686, 688 (6th Cir.1985); *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir.1980). When dismissal is based upon the failure to provide discovery, the Supreme Court has indicated that dismissal is properly brought under Fed.R.Civ.P. 37(b). *See Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 210, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958). In conjunction with the initial disclosure requirements adopted in Fed.R.Civ.P. 26(a), Rule 37(c)(1) expressly authorizes sanctions, including dismissal under Rule 37(b)(2)(C), when a party fails to disclose information without justification and as long as the failure to disclose is not harmless.

■ Whether dismissal was ordered under Rule 41(b) or 37(b), we review the district court's decision for an abuse of discretion. *See Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366 (6th Cir.1997); *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1094 n. 1 (6th Cir.1994) (largely same factors considered in reviewing dismissal under Rule 41(b) or 37(b)). Further, we consider four factors in deciding whether a district court abused its discretion by dismissing a complaint for failure to provide discovery. *See Harmon*, 110 F.3d at 366–67 (quoting *Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 153–

55 (6th Cir.1988)). The factors to consider include: (1) whether the party's failure to cooperate was due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate would result in dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Id.* While dismissal is the sanction of last resort, a district court does not abuse its discretion by dismissing a case when other sanctions might be workable as long as dismissal is supported by the facts. *Beil v. Lakewood Eng'g & Mfg. Co.*, 15 F.3d 546, 552 (6th Cir.1994) (quoting *Reg'l Refuse Sys.*, 842 F.2d at 155).

■ Plaintiff does not deny that she failed to comply with both the requirements of Rule 26(a)(1)(C) and the district court's specific order that she provide a damage calculation. Nor does she claim that she was unable to comply. In fact, plaintiff appeared in person and failed to indicate a willingness to either provide the medical records or revise her demand calculation. Plaintiff also has not disputed that the medical records were material to defendant's evaluation of the losses that she claimed resulted from the refusal to accommodate her medical condition. Instead, plaintiff argues only that the district court abused its discretion by dismissing without giving notice that failure to disclose would result in dismissal and without considering any lesser sanctions.

To the contrary, the district court included its warning that failure to comply with the Rule 26(a) discovery requirements could result in dismissal with each of the three orders setting the scheduling conference. When plaintiff had not complied as of the September 8 conference, the district court did not impose sanctions, but, rather, specifically ordered that the damage calculation be provided to defendant by a date

certain and ordered a follow-up conference for October 7. Plaintiff was also directed to appear in person at the October 7 hearing and was afforded an opportunity to be heard. Although filed five months earlier, neither the initial discovery nor the first scheduling conference had been completed at the time of dismissal, even though two adjournments had already been granted.

■ Finally, the consideration or imposition of a lesser sanction is a factor to be considered, but the failure of the district court to articulate a lesser sanction does not require reversal. *See Harmon,* 110 F.3d at 368. "We are loathe to require the district court to incant a litany of the available lesser sanctions. Concomitantly, we do not assume that lesser sanctions were not considered simply because their consideration is not articulated." *Id.* When the factors are taken together with plaintiff's continued unwillingness to provide the discovery when directly questioned by the district court, we find that the district court did not abuse its discretion in dismissing the case.

AFFIRMED.