*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 13a0002p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

_____

UNIVERSAL HEALTH GROUP,
                 *Plaintiff-Appellant*,

     *v.*

                           No. 12-1323

ALLSTATE INSURANCE COMPANY,
                 *Defendant-Appellee.*

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 2:09-cv-12524—Victoria A. Roberts, District Judge.

Decided and Filed: January 3, 2013

Before: BATCHELDER, Chief Judge; and MERRITT and KETHLEDGE, Circuit
Judges.

_____

**COUNSEL**

_____

**ON BRIEF:** Christina A. Ginter, KITCH DRUTCHAS WAGNER VALITUTTI &
SHERBROOK, Detroit, Michigan, for Appellant. Karen W. Magdich, MAGDICH AND
ASSOCIATES, P.C., Livonia, Michigan, for Appellee.

_____

**OPINION**

_____

KETHLEDGE, Circuit Judge. Universal Health Group appeals the district
court's dismissal of its complaint as a sanction for its willful and repeated violations of
the district court's discovery orders. We affirm the dismissal.

To recite the facts of this case is nearly to decide it. In 2009, Universal
demanded payment from Allstate for medical services that Universal allegedly rendered
to 36 persons claiming coverage under insurance policies issued by Allstate. Allstate
denied payment, contending that Universal had not, in fact, rendered any services to
those persons. Universal thereafter filed this suit against Allstate in Michigan state

1

court, asserting three claims:  first, for reimbursement for the services allegedly rendered; second, for defamation; and third, for tortious interference with Universal's business relationships.  Allstate timely removed the case to federal court on diversity grounds.

In November 2009, Allstate served Universal with interrogatories and document requests.  Universal failed to respond for more than two months, so Allstate filed a motion to compel.  In May 2010, the magistrate judge granted Allstate's motion and ordered Universal to "provide full and complete responses" to most of Allstate's discovery requests, no later than June 7, 2010.  Again Universal did not respond by the deadline.  Instead, 11 days later, Universal filed a motion requesting an additional 21 days (*i.e.*, until June 28) to comply with Allstate's discovery requests.  Allstate agreed to the extension, and the magistrate judge granted it.

But Universal did not respond by this deadline either.  Instead, on July 12—more than 240 days after it was first served with Allstate's discovery—Universal filed a motion for another extension of time to respond.  This time Allstate objected, but the magistrate judge ultimately granted the extension.

Universal's new deadline for responses was October 6, 2010.  Universal finally did respond that day, but its responses were patently incomplete.  More than a month later, Allstate moved to dismiss Universal's complaint as a sanction for Universal's discovery violations.  The magistrate judge held a hearing on the motion and later took supplemental briefing from both parties.  In an order dated May 3, 2011, the magistrate judge concluded that "some sanction is warranted for [Universal's] conduct[,]" but that dismissal was inappropriate "[on] this record" because the court had not yet warned Universal that its discovery violations might result in dismissal.  As an alternative sanction, the order stated that Universal would be limited at trial to the documents, evidence, and witnesses that it had already produced to Allstate.  The magistrate also extended discovery for 45 days to allow Allstate to depose some of Universal's employees.

Accordingly, on May 20, 2011, Allstate sent an email to Universal to coordinate deposition dates. Universal never responded. So Allstate chose the dates on its own: on May 27, Allstate sent Universal deposition notices for 13 of its employees, for dates beginning on June 30, 2011. Allstate then sent a letter to Universal to confirm those dates, but again Universal chose not to respond. It was not until the day before the depositions were to begin—after Allstate's counsel reached Universal's counsel on the phone—that Universal said that it would not produce any witnesses on the dates stated in the notices. Allstate promptly sent an email to Universal's counsel (who is not Universal's counsel on appeal) to re-schedule the depositions. Again Universal did nothing.

So Allstate filed a second motion to dismiss Universal's complaint, this time based on its complete refusal to comply with the court's May 3, 2011 order. The magistrate judge held a hearing on the motion, during which Universal's counsel essentially said that he was too busy with another case to comply with the orders in this one, and that—notwithstanding his complete silence towards Allstate's counsel—he thought the parties had extended the deposition deadlines "by sort of unspoken consent[.]"

The magistrate judge thereafter entered a Report and Recommendation in which he recited this litany and quite sensibly observed that "there is simply no excuse to fail to communicate with opposing counsel regarding the deposition schedule, particularly given the time constraints of the May 3, 2011 Order." The judge also noted that—more than a year after Allstate had served its interrogatories, and almost innumerable extensions later—Universal still had done nothing to supplement its inadequate interrogatory responses "as required by the May 3, 2011 Order." The magistrate judge therefore found that "plaintiff's counsel's conduct in disregarding the Court's plain and clear May 3, 2011 Order could only be willful"; that "[p]laintiff's counsel's excuses are simply unavailing in light of his pattern of delay and failure to comply with discovery orders since at least May, 2010"; and that "[t]he prejudice to defendant is clear." The magistrate judge therefore recommended that Allstate's motion be granted and that

Universal's complaint be dismissed with prejudice.  The district court adopted the recommendation.

We review the district court's dismissal for an abuse of discretion.  *Sommer v. Davis*, 317 F.3d 686, 692 (6th Cir. 2003).  Under Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure, "a district court may sanction parties who fail to comply with its orders in a variety of ways, including dismissal of the lawsuit." *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995).  As the magistrate judge correctly observed, we consider four factors when reviewing a district court's dismissal under Rule 37(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002) (internal quotation marks and citation omitted).  "Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." *Id.*

Every one of these factors is present here.  As for the first two:  Universal's violations were willful, and they prejudiced Allstate by preventing it from obtaining evidence essential to the preparation of its defense.  The third factor is also met, notwithstanding Universal's argument before us that "there was no explicit warning of dismissal."  There is no magic-words prerequisite to dismissal under Rule 37(b); and otherwise we entirely agree with the magistrate judge's conclusion that—after the court's May 3, 2011 order denying Allstate's first motion to dismiss and imposing an intermediate sanction short of dismissal—"plaintiff was on clear notice that continued abuses could cause that result."  Finally, the magistrate judge's measured response to the first motion to dismiss meets the fourth factor.

"Every violation of the Rules has consequences; the question is who will bear them.  Too often the consequences are borne only by the innocent party, who must live with the violation . . . or else pay to brief and argue a motion to compel the offending party to do what the Rules required it to do all along." *R.C. Olmstead, Inc. v. CU*

*Interface, LLC*, 606 F.3d 262, 277–78 (6th Cir. 2010) (concurring opinion).  Here, even Allstate's repeated motions, and the court's own orders, were not enough to compel Universal to do what the Rules required.  Universal's conduct violated the rules of civil procedure and common courtesy alike.  On this record, "it was not only permissible, but salutary[,]" that the court imposed a sanction of dismissal.  *Id.* at 277

The district court's judgment is affirmed.