**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

**Nos. 17-6067 / 17-6123 / 17-6124 / 17-6125**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| ECIMOS, LLC and ELECTRICAL CONTROLS, INC., | ) | **FILED**<br>Jun 01, 2018<br>DEBORAH S. HUNT, Clerk |
|  | ) |  |
| Plaintiffs-Appellants / Cross-Appellees, | ) |  |
|  | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
|  | ) | THE WESTERN DISTRICT OF |
|  | ) | TENNESSEE |
| NORTEK GLOBAL HVAC, LLC f/k/a NORTEK, LLC, LOGICAL SYSTEMS, INC., LOGICAL SYSTEMS, LLC, GAIL WAYNE ROANE, MICHAEL GRAY, and DAVID TESLUK | ) ) ) ) |  |
|  | ) |  |
| Defendants-Appellees / Cross-Appellants. |  |  |

---

Before:  BOGGS and GRIFFIN, Circuit Judges; HOOD, District Judge.[*]

HOOD, District Judge.  At first glance, this case appears complicated.  It languished for years in the district court as the magistrate judge and district judge held countless hearings and conferences and issued dozens of rulings.  All told, this case sprawled over more than 250 docket entries.  But a closer look reveals that the core issue boils down to a simple life lesson: play by the rules.  This fundamental concept comes with an often-unpopular corollary: those who fail to follow the rules face consequences.  One need not search far and wide for a real-world application of this principle.  Drivers who exceed posted speed limits know all too well its importance.

---

[*] The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Federal court is no exception. Especially here, the rules matter. Parties are obliged to comply, and when they don't, they risk repercussions. Such consequences often come by way of sanctions imposed by the district court. Possible sanctions include: admonition, censure, disqualification, attorneys' fees, and dismissal. In fashioning these penalties, district judges enjoy broad discretion, but their power is not unlimited. For minor offenses, a judge cannot dismiss an action with prejudice. And a fee award must be reasonable. Put simply, the punishment must fit the crime.

Plaintiffs-Appellants ECIMOS, LLC and Electrical Controls, Inc. (collectively, "ECIMOS") argue that the district court was too harsh when it dismissed this case with prejudice and levied tens of thousands of dollars in attorneys' fees. But the district court did so only after ECIMOS failed time and again to comply with discovery rules and court orders. Because ECIMOS declined to play by the rules, despite being told several times to do so, we affirm.

I.

At one point this was an intellectual-property case. More than two decades ago, ECIMOS went into business with Defendant-Appellee Nortek Global HVAC, LLC ("Nortek"). ECIMOS had developed an integrated process-control system that contained valuable proprietary software and hardware. For fifteen years, ECIMOS licensed the system to Nortek, which used the system in its HVAC manufacturing process.

Over time, the business relationship soured, and the acrimony began. ECIMOS alleges that Nortek hired Logical Systems, Inc. ("Logical"), a company employing former ECIMOS employees with intimate knowledge of the control system to modify and adopt the control system for Nortek's products. Wanting to protect its intellectual property, ECIMOS terminated Nortek's

right to use the control system and notified Nortek that the modification of the control system violated the licensing agreement. ECIMOS filed suit in Tennessee state court against Nortek, Logical, and the individual defendants in May 2013. Defendants removed the case to federal court in September 2014 after ECIMOS added a federal cause of action to its complaint.

That is about the time this case ceased to be about copyright infringement and started taking form as a discovery dispute. Nortek and the other defendants began complaining that ECIMOS was not turning over documents, produced items in improper forms, and was not responsive to requests. So Nortek filed a motion to compel in July 2015. Over the next month, defendants made three additional motions to compel.

The motions to compel contained two key issues: (1) ECIMOS's failure to provide complete responses to specific interrogatories and to requests for production of documents, and (2) deficiencies in the form of production by ECIMOS. Documents from ECIMOS allegedly came in confusing and jumbled formats without proper labeling. Defendants also claimed that ECIMOS did not make efforts to remedy problems with documents. ECIMOS responded to three of the motions, but not the fourth, arguing that the interrogatories were unduly burdensome and intended to harass. At a hearing in front of the magistrate judge, ECIMOS argued that it had complied with discovery rules because (1) it produced more than 18,000 emails and (2) it was willing to allow all defendants to rifle through its offices to search for the documents requested. The magistrate judge disagreed and granted, in whole or in part, all four motions to compel.

Among her numerous rulings, the magistrate judge ordered ECIMOS to (1) supplement responses to interrogatories and document requests, (2) re-produce or produce documents and all email correspondence in specified, usable formats with Bates Numbers, (3) produce a sample of 100 emails to defendants with attachments and searchable text, (4) properly mark specific

documents as confidential, as opposed to labeling entire files confidential, and (5) disclose to defendants the search methodology used to locate documents responsive to defendants' requests. The magistrate judge further cautioned: "Plaintiffs are warned that, henceforth, failure to comply with proper discovery requests, discovery obligations, or orders of this court will lead to dismissal of their complaint."

Finally, the magistrate judge awarded attorneys' fees. Defendants' counsel filed affidavits outlining their hours and fees. ECIMOS filed no objections. The magistrate judge found the requests reasonable and granted the following fees: $42,142.83 to Nortek, $13,669 to Logical, and $7,526.21 to David Tesluk. Again, ECIMOS did not object to the fee amounts but instead objected only to the requirement that the fees be paid within twenty-eight days. The district court affirmed the magistrate judge's ruling.

ECIMOS struggled to comply with the magistrate judge's order. The email sample from ECIMOS did not contain the proper attachments, had illegible documents, and was missing metadata. Counsel discussed the issues during two teleconferences, but ECIMOS cancelled a third teleconference. Nortek and Logical then complained that ECIMOS failed to supplement its written responses to discovery requests, and that ECIMOS's counsel failed to respond to defendants' request for clarification. ECIMOS's counsel then withdrew from the case. That same day, ECIMOS sent defendants a DVD containing about 18,000 pages of documents—three times what ECIMOS had previously produced.

Nortek and its codefendants filed the first motion to dismiss as a discovery sanction in September 2015, arguing that ECIMOS had not complied with the court's orders. The district court then held two telephonic status conferences regarding that motion in late September and early October. By the end of October 2015, defendants filed a second motion to dismiss—this one

premised on ECIMOS's failure to prosecute and procure replacement counsel, as well as continued failure to comply with the court's discovery orders. Again, the district court attempted to work through the issues via a telephonic status conference—the third one in less than two months. A fourth telephonic conference was held in late December. At time, ECIMOS was without counsel, and went through several sets of lawyers for various reasons.

To recap: by the end of 2015, the case had been trudging along for two-and-a-half years. ECIMOS had yet to comply with at least four discovery orders, had gone through numerous counsel, and was currently without counsel. Telephonic conferences had become routine, and the case remained mired in discovery disputes. Despite the ongoing problems, once new counsel had entered an appearance, the district court set another hearing for February 2016, giving ECIMOS's new counsel time to review and correct alleged discovery deficiencies. During that hearing, ECIMOS again argued that it was in compliance with the court's orders because (1) it had produced more than 18,000 documents to defendants and (2) it was willing to open its facilities to defendants. The district court remained unconvinced.

Fast forward to March 2016. Following the February hearing on the motion to dismiss, the magistrate judge issued a report and recommendation finding that ECIMOS had continued to violate the court's discovery orders, resulting in substantial delays and prejudice to defendants, thus threatening the reliability of the discovery process. Describing ECIMOS's behavior as "tantamount to bad faith," the magistrate judge recommended sanctions under the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and the court's inherent powers. The magistrate judge then instructed defendants to file affidavits verifying the amount of expenses, including attorneys' fees, incurred as a result of ECIMOS's deficiencies. After considering the affidavits, the magistrate

judge ordered ECIMOS to pay $53,902.98 in attorneys' fees and ECIMOS's counsel to pay $51,223.38, for a total fee award of $105,126.36. This time, ECIMOS objected.

Just previous to the argument over legal fees, defendants again sought to have the case thrown out. They filed a renewed motion to dismiss on July 15, 2016, citing ongoing discovery delinquencies.

With numerous issues swirling, a possible panacea arrived in September 2016: settlement. But consistent with the general pattern in this case, the settlement talks also went awry. Nortek and its codefendants thought a deal had been reached, but ECIMOS apparently did not. ECIMOS had filed a notice of settlement with the court, but later claimed that counsel had acted without permission. So defendants filed a motion to enforce the settlement, which would have resolved all the issues, including sanctions. That same day, ECIMOS's latest counsel moved to withdraw. On October 12, 2016, the district court granted the motion, and ordered ECIMOS—which must appear in federal court by counsel—to respond to the motion to enforce the settlement within 14 days.

Two weeks went by, and ECIMOS had not secured counsel. So its owner emailed a *pro se* response to the district court in an attempt to comply with the court's order. An additional two months passed before ECIMOS finally retained new counsel—its fourth (or fifth, depending on how one counts) set of lawyers in this case. Then, the new counsel waited an *additional* six weeks—until February 2017— to formally respond to the motion to enforce the settlement.

More than a month later, defendants filed another motion to dismiss, again emphasizing ongoing violations of discovery rules and court orders. The motion was fully briefed, and the district court dismissed the action with prejudice. The court found that ECIMOS had flouted the

rules of discovery, failed to obey court orders, and did not cure ongoing deficiencies despite ample opportunity to do so. As part of its order of dismissal, the district court also granted a motion for reconsideration filed by ECIMOS's sanctioned counsel, who had since left the case. Thus, the second attorneys' fees sanction shrank from $105,126.36 to $53,902.98, payable only by ECIMOS itself. Finally, the court denied the motion to enforce the settlement.

This appeal followed. ECIMOS argues that the district court erred by (1) dismissing this case with prejudice and (2) imposing unreasonable attorneys' fees as discovery sanctions. Defendants filed a conditional cross-appeal arguing that if ECIMOS succeeds in its arguments, this court should rule that the district court erred in not enforcing the purported settlement.

II.

We review a district court's decision to impose discovery sanctions for abuse of discretion. *In re: Modern Plastics Corp.*, No. 17-2256, — F.3d —, 2018 WL 1959536, at *3 (6th Cir. Apr. 26, 2018); *Howe v. City of Akron*, 801 F.3d 718, 747 (6th Cir. 2015). This includes dismissal, *see Universal Health Grp. v. Allstate Ins. Co.*, 703 F.3d 953, 955–56 (6th Cir. 2013), and attorneys' fees, *see Howe v. City of Akron*, 705 F. App'x 376, 380 (6th Cir. 2017) (per curiam). "An abuse of discretion occurs when (1) the district court's decision is based on an erroneous conclusion of law, (2) the district court's findings are clearly erroneous, or (3) the district court's decision is clearly unreasonable, arbitrary or fanciful." *McCarthy v. Ameritech Publ'g, Inc.*, 763 F.3d 488, 491 (6th Cir. 2014) (quoting *Beil v. Lakewood Eng'g & Mfg. Co.*, 15 F.3d 546, 551 (6th Cir. 1994)).

III.

The Federal Rules of Civil Procedure grant district courts the authority to impose sanctions for discovery violations and failure to comply with court orders. *See* Fed R. Civ. P. 37(b)(2)(A); 41(b); *see also McCarthy*, 763 F.3d at 491; *Bullard v. Roadway Express*, 3 F. App'x 418, 420–21 (6th Cir. 2001). Courts also possess inherent power to tailor sanctions when bad faith occurs. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–44 (1991); *First Bank v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 512 (6th Cir. 2002). Sanctions may include both fees and dismissal. *Universal Health Grp.*, 703 F.3d at 956; *Paschal*, 297 F.3d at 433.

A.

When reviewing dismissal as a discovery sanction under Rule 37(b), we consider four factors: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Universal Health Grp*., 703 F.3d at 956 (quoting *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002)). "Although typically none of the factors is outcome dispositive . . . , a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (quoting *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999)). If the lower court "identified and properly applied the correct standard, and made a reasoned conclusion upon its weighing of the relevant factors," no abuse of discretion occurred. *Fharmacy Records v. Nassar*, 379 F. App'x 522, 527 (6th Cir. 2010).

Each factor is met here.

First, ECIMOS willfully violated discovery rules and the court's orders. These violations spanned several years and resulted in multiple sanctions. ECIMOS never fully corrected discovery deficiencies and failed to timely file responsive documents. ECIMOS argues that producing 18,000 documents and offering to turn over their offices to defendants shows that its conduct was not or contumacious. Not so. As the district court found, the 18,000 documents were *themselves* deficient. Turning over thousands of noncompliant documents hardly supports ECIMOS's position. Further, offering to open its offices to defendants highlights ECIMOS's failure to grasp basic discovery rules. A party cannot unlock its doors and tell its adversary to search for the needle in the haystack. The party must *produce* such documents in response to proper requests. Here, Nortek and its codefendants were not required to rummage through ECIMOS's offices in hopes of finding what they sought. ECIMOS had to produce requested documents, but it did not. As the district court found, the record is chock-full of examples of "delay and contumacious conduct." Factor satisfied.

Second, this conduct resulted in prejudice to defendants. It required Nortek and its co-defendants to spend an enormous amount of time, money, and effort to force ECIMOS to comply with orders and rules that ECIMOS was already legally obligated to follow. *See Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997). Factor satisfied.

Third, the district court and magistrate judge warned ECIMOS at least six times in separate orders that failure to comply could lead to dismissal. [RE 104, 105, 106, 108, 173, 208]. Factor satisfied.

Fourth, the district court considered, and repeatedly imposed, less drastic sanctions. Factor satisfied.

The district court conducted a thorough analysis of each factor. It "identified and properly applied the correct legal standard, and made a reasoned conclusion upon its weighing of the relevant factors." *Fharmacy Records*, 379 F. App'x at 527. No abuse of discretion occurred.

B.

Next, ECIMOS challenges the attorneys' fees awarded by the district court. And here we encounter a familiar theme: ECIMOS's failure to comply with the rules dooms its case. In this instance, ECIMOS made its arguments in the wrong place at the wrong time.

The district court first imposed a $63,338.04 award. About nine months later, the court awarded $105,126.36 to defendants. This second award required ECIMOS to pay $53,901.98 and ECIMOS's counsel to pay $51,223.38. ECIMOS challenges both.

Award one: ECIMOS waived its argument against the $63,338.04 sanction because it objected only to the magistrate judge's order that the fees be paid within 28 days. Indeed, the district court noted this when affirming the magistrate judge's report. And "when a party is notified that it must object to a magistrate judge's report and it does not do so, the party 'is deemed to waive review of the district court's adoption of the magistrate judge's recommendations.'" *Pfahler v. Nat'l Latex Prods. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (quoting *Spencer v. Bouchard*, 449 F.3d 721, 724 (6th Cir. 2006)). Thus, the arguments presented on appeal never came before the district court. And "[i]t is well-settled that, absent exceptional circumstances, a court of appeals will not consider an argument by an appellant that was not presented to or considered by the trial court." *Estate of Quirk v. Comm'r of Internal Revenue*, 928 F.2d 751, 757–58 (6th Cir. 1991).

This rule applies when a party raises an objection to attorneys' fees for the first time on appeal. *Honeywell Int'l, Inc. v. Lutz Roofing, Co.,* 433 F. App'x 399, 411 (6th Cir. 2011); *Smoot*

*v. United Transp. Union*, 246 F.3d 633, 648 (6th Cir. 2001) ("[b]ecause Plaintiff failed to object to the award of attorneys' fees [in the district court], under the waiver rule this Court will not consider Plaintiff's claim."). This court's role is "to review the case presented to the district court, rather than a better case fashioned after a district court's unfavorable order." *DaimlerChrysler Corp. Healthcare Benefits Plan v. Durden*, 448 F.3d 918, 922 (6th Cir. 2006). And this court cannot determine that the lower court abused its discretion by not accepting an argument ECIMOS never presented. Because ECIMOS did not object to the first award below, it cannot do so here.

Award two: These arguments fail for multiple reasons. First, although ECIMOS conspicuously omitted this fact in briefing, the district court reconsidered the award and nearly cut it in half to $53,902.98.

Second, this court has consistently declined to review issues "adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation[.]" *McPherson v. Kelsey*, 125 F.3d 989, 995 (6th Cir. 1997) (quoting *Citizens Awareness Network, Inc. v. U.S. Nuclear Regulatory Comm'n*, 59 F.3d 284, 293 (1st Cir. 1995)). Such arguments are waived. *Id.* In its initial brief, ECIMOS devotes a single paragraph in the argument section to the second award. ECIMOS calls the award "outrageous" but does not explain how or why the award was outrageous, let alone why or how the district court abused its discretion. Instead, ECIMOS's brief focuses on problems with first award. Thus, the argument is not developed, and it is not this court's job "to put flesh on its bones." *Id*. at 996; *see also* Fed R. App. P. 28(a)(8) (requiring appellant's initial brief to contain an argument section with "appellant's contentions *and the reasons for them*" (emphasis added)).

Admittedly, ECIMOS *does* develop an argument in its reply brief. And that brings us to reason three why the arguments fail. It is black-letter appellate practice that a party cannot raise

arguments for the first time in a reply brief. *Sanborn v. Parker*, 629 F.3d 554, 579 (6th Cir. 2010); *see also Bormuth v. Cty. of Jackson*, 870 F.3d 494, 500 (6th Cir. 2017) (en banc), *petition for cert. filed,* (Dec. 29, 2017) (No. 17-7220). Here, ECIMOS *mentions* the second award in the initial brief, but the brief is silent regarding *why* that award was incorrect. In the reply, we see brand new arguments that in making the second award the district court: (1) improperly applied the law-of-the-case doctrine, and (2) failed to properly conduct a lodestar analysis. Both are unmentioned in the initial brief as to the second award. The reply brief is not the place to first advance these arguments. *Sanborn*, 629 F.3d at 579.

There is good reason for this. Imagine a world without this rule—a world in which parties could raise and develop arguments, for the first time, in reply briefs. Appellees, unable to know what arguments appellants would make in reply, would have to craft responses anticipating every possible argument that might come up. And if appellees guessed wrong, they would be out of luck. Defending an appeal requires many skills; clairvoyance is not one.

Consider this case as an example. ECIMOS *never argues* in its opening brief that the district court failed to conduct a proper lodestar analysis of the second award or misapplied the law-of-the-case doctrine. So one struggles to see why Nortek would have mentioned these in its response. After all, briefs have page and word limits. *See* Fed. R. App. P. 32(a)(7). That space is often precious. And what a waste of limited resources it would be to respond to an argument that the appellant never made in its opening brief.

Finally, ECIMOS's position would fail even if it had not violated briefing rules. The magistrate judge and district judge, in several orders, conducted a thorough analysis of the fees in this case. Indeed, in determining the reasonableness of fees and hours, the court considered affidavits and spreadsheets showing the billing date, billing attorney, the time spent on the work,

the rate, and a description of the work. The magistrate judge went through these affidavits in detail and concluded that the rates and hours were reasonable. And the court specifically *rejected* several upward adjustments requested by defense counsel. The magistrate judge also considered ECIMOS's ability to pay. This does not amount to abuse of discretion. After all, "[i]n view of their ring-side seats of the proceedings, district courts exercise considerable 'discretion in determining the amount of a fee award' to 'avoid[] frequent appellate review of what essentially are factual matters.'" *Hardrick v. City of Detroit*, 876 F.3d 238, 247 (6th Cir. 2017) (alternation in original) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).

C.

Finally, ECIMOS vaguely refers to a deprivation of due process and argues that the attorneys' fees prevented it from prosecuting this case. ECIMOS does not cite any due-process case law. It does not discuss any due-process standard. And it does not tell us how the violation occurred. Instead, it appears ECIMOS tosses in the phrase "due process" and hopes that this court will sort it out. This court will not do the work for the parties. If a due process violation occurred, it is ECIMOS's burden to tell us and make the argument because "'[j]udges are not like pigs, hunting for truffles' that might be buried in the record." *Emerson v. Novartis Pharm Corp.*, 446 F. App'x 733, 736 (6th Cir. 2011) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (per curiam)). True, this court could delve into the record and dig for arguments that support ECIMOS's case. But ours is an adversarial system in which "it is improper for the courts" to "flesh out the parties' arguments for them." *Brenay v. Schartow*, 709 F. App'x 331, 337 (6th Cir. 2017). And when parties present such undeveloped points, we "routinely decline to consider" them. *Id.* at 336. That routine continues today.

IV.

Three things to conclude.

First, ECIMOS asks this court to strike part of Nortek's Fourth Brief because it goes beyond what Federal Rule of Appellate Procedure 28.1 allows. We agree, and we did not consider those portions of Nortek's Fourth Brief in deciding this appeal.

Second, Defendant-Appellee Tesluk asks for attorneys' fees for costs associated with this appeal. ECIMOS already faces tens of thousands of dollars in fees. We decline to impose more.

Third, because we affirm the district court, we need not address Nortek's conditional cross-appeal.

V.

"Every violation of the Rules has consequences; the question is who will bear them." *R.C. Olmstead, Inc. v. CU Interface, LLC*, 606 F.3d 262, 277–78 (6th Cir. 2010) (Kethledge, J., concurring). ECIMOS's pattern of violating discovery rules and court orders persuaded the district court to place the burden on ECIMOS. We agree. But even so, all parties are worse for wear. Time, money, and effort spent to "compel the offending party to do what the Rules required it to do all along" are gone. *Id*. at 278. And years after ECIMOS first filed its complaint, this case never even sniffed the merits.

While the end result in this case is not cause for celebration, it may well be helpful. Because by requiring the "offending party [to] pay a price" we "remind others that they, too, should comply the first time." *Id*.

We affirm.