NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0201n.06

Case No. 22-1908

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

FILED
Apr 28, 2023
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| STEPHANIE FARRAR, in her individual capacity and as Co-Personal Representatives of the Estate of BABY ALLEN, deceased; CHARLES ALLEN, JR., as Co-Personal Representatives of the Estate of BABY ALLEN, deceased; ALTHANIE GARDNER, Personal Representative of the Estate of Chase Deshawn Allen, | ) ) ) ) ) ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| Plaintiffs-Appellants, | ) ) | OPINION |
| v. | ) ) ) | |
| RYAN PAUL LAPAN; RUCKER'S WHOLESALE & SERVICE, COMPANY, | ) ) ) ) | |
| Defendants-Appellees. | ) ) | |

Before: BOGGS, McKEAGUE, and THAPAR, Circuit Judges.

THAPAR, Circuit Judge. Stephanie Farrar claimed that a car crash caused her to miscarry. That meant she needed to prove she was pregnant, so she submitted a photo of positive pregnancy tests. It turned out that the photo wasn't hers: it was a doctored image taken from the internet. The district court, on learning of the fraud, ordered briefing and held oral argument. Then, in a careful and thoughtful twenty-page opinion, it dismissed Farrar's suit. We affirm.

I.

The crash occurred on I-94 near St. Clair Shores, Michigan. While driving a van for Rucker's Wholesale & Service Co., Ryan Lapan struck Stephanie Farrar's car. Her son, Chase Allen, was in the back seat. Farrar was injured. Sadly, Chase did not survive the accident.

So Farrar and Chase's estate sued Lapan and his employer. Together, Farrar and Chase's father, Charles Allen, Jr., represented Chase's estate. Eight months later, claiming that the accident caused Farrar to miscarry, Farrar and Allen amended the complaint to add another plaintiff: the estate of the unborn child. Farrar and Allen also represented this estate.[1]

Bloodwork, taken both the day of the accident and later, showed that Farrar wasn't pregnant. So, arguing that there was no unborn child, the defendants moved for summary judgment on the unborn child's claims. In response, Farrar and Allen submitted a photograph of six positive pregnancy tests dated the day before the crash. Plaintiffs claimed that this photograph showed Farrar's pregnancy tests, and they secured an expert who relied on the photograph to opine that Farrar was pregnant when the accident occurred. Based on the photo, Farrar's testimony, and the expert testimony, the district court concluded that a factual dispute existed as to whether Farrar was pregnant and denied summary judgment.

But defendants later discovered the very same photograph on the internet, dated four years before the crash. Realizing that Farrar had submitted a photograph of someone else's tests, defendants promptly moved to dismiss the entire suit. Farrar admitted that the photograph wasn't hers. After briefing and oral argument, the court granted dismissal as a sanction for fraud on the court. Plaintiffs timely appealed.

---

[1] On appeal, Allen's mother, Althanie Gardner, has replaced Farrar and Allen as the representative of Chase's estate.

II.

Courts have inherent power to sanction parties for lying to the court. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991). And that includes the power to dismiss a party's case entirely. *Id.* at 45. The parties agree that four factors should guide a district court in making this decision: (1) whether the party acted with willfulness, bad faith, or fault; (2) whether her misconduct prejudiced the opposing party; (3) whether she had warning that her actions could lead to dismissal; and (4) whether the court considered or tried lesser sanctions before ordering dismissal. *Universal Health Grp. v. Allstate Ins. Co.*, 703 F.3d 953, 955–56 (6th Cir. 2013).[2] No factor is dispositive. *Id.* at 956. Instead, dismissal is ultimately appropriate when the record shows that the plaintiff willfully delayed proceedings, disobeyed the court, or disregarded the law. *See id.*

We review such dismissals for abuse of discretion. *Id.* at 955. That means we reverse only if the district court misapplied the law or clearly erred in its finding of facts. *Jones v. Ill. Cent. R.R. Co.*, 617 F.3d 843, 850 (6th Cir. 2010). And since the district court neither misapplied the law nor clearly erred in its factual findings, we defer to its decision.

*Willfulness, Bad Faith, or Fault*. A plaintiff acts with willfulness, bad faith, or fault when her conduct "display[s] . . . an intent to thwart judicial proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citation omitted). And here, the evidence of such intent is plain. Plaintiffs claimed that the edited photograph showed Farrar's pregnancy tests and only admitted the lie when confronted with proof of the forgery. Given that Farrar knew the photo wasn't hers

---

[2] While the dismissal in *Universal Health Group* was under Federal Rule of Civil Procedure 37(b)(2), *Coleman v. American Red Cross* suggests that the same test applies to dismissals under a court's inherent powers. *See Coleman v. Am. Red Cross*, 23 F.3d 1091, 1094 n.1 (6th Cir. 1994). The district court adopted this framing, and the parties do not dispute it.

but said it was anyways, the district court didn't clearly err by finding that plaintiffs acted in bad faith.

Plaintiffs don't dispute that Farrar lied. Rather, they argue that a traumatic brain injury may have impaired Farrar's judgment, mitigating her culpability. However, as the district court pointed out, the evidence shows Farrar no longer suffered any cognitive deficits by the time the photograph was submitted. Therefore, the district court was justified in holding Farrar fully responsible for her actions.

*Prejudice*. The prejudice here is also plain. When a plaintiff offers fraudulent evidence, that casts doubt on every piece of evidence she submits and every representation she makes. *See Garcia v. Berkshire Life Ins. Co. of Am.*, 569 F.3d 1174, 1180 (10th Cir. 2009). And that forces the opposing party to spend time and money to independently confirm everything in the record. *Id.* Given that Farrar and Allen submitted someone else's photograph, represented to the court that it was Farrar's, and then found an expert to opine on its significance, the district court correctly concluded that defendants suffered prejudice.

*Warning*. Next, plaintiffs and their counsel were on notice that faking evidence and lying under oath leads to sanctions. The Federal Rules of Civil Procedure and Michigan's Rules of Professional Conduct make that clear. *See* Fed. R. Civ. P. 11(b)–(c); Mich R. Pro. Conduct 3.3. Under these circumstances, no "explicit warning of dismissal" is necessary. *Universal Health Grp.*, 703 F.3d at 956. So this factor was satisfied as well.

*Alternative Sanctions*. Finally, the district court's decision to dismiss the case was a reasonable one. It considered every alternative that plaintiffs proposed and explained why each was inadequate. Merely shifting fees and dismissing the unborn baby's claims wouldn't deter

future abuse. As the court explained, a mild sanction like this would only incentivize parties to inflate claims and see what they could get away with.

Nor would allowing defendants to attack Farrar's credibility be enough, because Farrar permeated every part of the case. As the driver, she was a key fact witness, and many of the experts' reports relied on her statements.

Lastly, the court explained that it couldn't allow Farrar to benefit after she'd misled the court. And absent a full dismissal, that's what would have happened. Even though the court couldn't be sure whether Allen or the plaintiffs' lawyers had participated in the fraud, it could be sure Farrar had, since she claimed the photograph as hers even though she knew it wasn't. And Farrar stood to benefit not only from the unborn baby's claims but also as a plaintiff herself. Moreover, as the co-representative of Chase's estate, she also stood to take from whatever money Chase's estate received. *See* Mich. Comp. Laws § 600.2922(3)(a). Unless her claims and those of Chase's estate were dismissed, Farrar still would have benefited despite the fraud.

In short, the court properly evaluated each of the four factors that the parties agree control and concluded that dismissal was appropriate.

In response, plaintiffs raise three arguments—none is persuasive. First, they contend that the district court should have considered the strength of Chase's estate's claims before dismissing them. But the underlying strength of the case isn't a factor courts are required to address. *Cf. Universal Health Grp.*, 703 F.3d at 956. So the court didn't abuse its discretion by declining to consider the merits.

Second, plaintiffs also argue that dismissing a potentially meritorious claim per se violates due process. Not so. The court's power to dismiss a suit in response to party misconduct is clear. *See Chambers*, 501 U.S. at 45. True, due process bars a court from denying a party process and

then imposing judgment anyways. *See Hovey v. Elliott*, 167 U.S. 409, 413–14 (1897). But that's not what happened here. The district court gave the parties notice and an opportunity to be heard before concluding that Farrar engaged in fraud. So plaintiffs received the process that was due.

Third, plaintiffs argue that no evidence ties Chase's estate to the misconduct, so its claims shouldn't have been dismissed. But Farrar was the estate's co-representative, and courts "traditionally h[o]ld principals liable for the frauds of their agents." *Bartenwerfer v. Buckley*, 143 S. Ct. 665, 672 (2023) (collecting cases). Plaintiffs offer no reason to depart from this general rule, so Farrar's misconduct could be imputed to the estate. Therefore, dismissing the estate's claims was permissible.

In the end, the district court acted within its discretion in dismissing this case. To be sure, a different court might have exercised its discretion differently and chosen another sanction. But the district court considered the alternatives and gave sound reasons for discounting them. Given that, and given the clear evidence of willfulness and prejudice, dismissal was not an abuse of discretion.

\*      \*      \*

We affirm.